Harold S. Neely, Petitioner *v.* Julius T. Cuyler, Superintendent at the State Correctional Institution at Graterford, Pennsylvania et al., Respondents.

Submitted on briefs November 27, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Harold Neely,* for himself, petitioner.

*Robert A. Greevy,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 16, 1980:

Petitioner filed a "Petition for Review and Jurisdiction" which we have treated as a petition for review addressed to this Court's original jurisdiction pursuant to the Pennsylvania Rules of Appellate Procedure and Section 761 of the Judicial Code, 42 Pa. C.S. §761. Respondent filed an answer with new matter and attached a certificate of the Pennsylvania Board of Probation and Parole (Board) setting forth petitioner's official record with the Board. The petitioner then filed a motion for summary judgment and a brief in support of that motion, whereupon the Board filed a cross-motion for summary judgment and a brief in support thereof, to which petitioner filed a reply. Pursuant to an order of this Court, the matter has been submitted upon the filing of briefs. It appearing that the pleadings are closed and that there is no dispute as to the essential facts, the case will be dis-

posed of on the cross-motions for summary judgment. Pa. R.C.P. No. 1035.

Petitioner was sentenced on October 16, 1964, in Montgomery County to a term of four to ten years for the offenses of burglary, larceny, and receiving stolen goods, effective March 17, 1964, with a minimum term of March 17, 1968, and a maximum term of March 17, 1974. Subsequent to his release on parole on January 28, 1969, from the State Correctional Institution at Graterford, he was arrested on July 18, 1969, by Berks County authorities on a murder charge. After a violation hearing on November 3, 1969, the Board acted to recommit petitioner as a technical parole violator. Petitioner was found guilty of voluntary manslaughter on March 23, 1970, and the Board then changed his status on April 3, 1970, from technical to convicted parole violator. He then received a five-to-ten year sentence on January 7, 1971, for the new conviction.

Subsequent to petitioner's release on parole on August 31, 1976, he was arrested on March 6, 1977, by the Berks County authorities on charges of attempted murder, attempted robbery, aggravated assault, conspiracy, and convicted person carrying a firearm. On March 7, 1977, a parole violation warrant was filed based on the new criminal charges and for technical parole violations. The petitioner received a preliminary detention hearing on March 18, 1977, and a criminal preliminary hearing on April 1, 1977. On April 19, 1977, the Board took action to detain petitioner pending disposition of the criminal charges and to schedule a violation hearing. However, on September 24, 1977, petitioner escaped from Berks County prison. He was rearrested the next day.

On January 13, 1978, petitioner was found guilty by Berks County Court of criminal attempt, former convict not to carry a firearm, and aggravated assault; sentence was deferred. On January 26, 1978, a

revocation hearing was held after which the Board took action to recommit petitioner as a convicted parole violator when available. On February 21, 1978, petitioner was found guilty of escape and received a one-to-three year sentence to be served at the State Correctional Institution. A revocation hearing was held April 20, 1978; and on May 30, 1978, the Board acted to reaffirm the recommitment action as a convicted parole violator, which modified petitioner's maximum term for his 1970 voluntary manslaughter conviction to read December 25, 1982.

On March 19, 1979, petitioner was reparoled to begin serving his one-to-three year detainer sentence. The effective date of petitioner's sentence was October 23, 1978, with a minimum term of October 23, 1979, and a maximum term of October 23, 1981.

Petitioner presents two arguments for our consideration. First he argues that the requisite violation and revocation hearings were not timely. Petitioner relies on *Morrissey v. Brewer,* 408 U.S. 471 (1972) in his complaint about the absence of a preliminary hearing in 1969 prior to his recommitment by the Board as a technical parole violator. *Morrissey* enunciated due process requirements in connection with parole revocations. However, petitioner's reliance on *Morrissey* is misplaced because that case was not decided until June 1972 and has not been deemed retroactive. In *Burgess v. Roth,* 387 F. Supp. 1155 (E.D. Pa. 1975) the Court stated that where the alleged noncompliance occurred prior to the *Morrissey* decision, due process was not denied. At the time of petitioner's recommitment as a technical parole violator, the only requirement was that a hearing occur, which it did on November 3, 1969.[1]

---

[1] Act of August 6, 1941, P.L. 861, §21.1(b), *as amended,* added by the Act of August 24, 1951, P.L. 1401, §5, *as amended,* 61 P.S. §331.21a(b).

Petitioner further complains about the timeliness of the hearings concerning the new criminal charges in 1977. Petitioner's preliminary hearing on March 18, 1977, was within 30 days of his arrest on March 6, 1977, in accordance with applicable regulations in 37 Pa. Code §71.3(8). His revocation hearing on January 26, 1978, was within 120 days from the date the Board received official notification of the guilty verdict of January 13, 1978, in accordance with 37 Pa. Code §71.4 (2). (Petitioner has mistakenly argued that the 120 day period ran from the date of the preliminary hearing.) Petitioner had escaped on September 24, 1977, and was found guilty of that offense on February 21, 1978. His hearing on April 20, 1978, concerning that conviction was again within the 120 day limit imposed by the applicable regulation, 37 Pa. Code §71.4(2). The hearings were, therefore, all timely held.

Petitioner's second argument concerns the computation of pretrial custody credit in accordance with *Davis v. Cuyler*, 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978). The period of four months and 26 days from petitioner's arrest for escape on September 25, 1977, to his sentencing on February 21, 1978, was correctly applied to his escape sentence. Petitioner is in error, however, in his averment that his sentence began February 21, 1978. Petitioner was not reparoled to begin serving this one-to-three year sentence until March 19, 1979. In accordance with Pennsylvania Rules of Criminal Procedure, the new sentence must be computed from the date of commitment for the offense for which the sentence was imposed, which was March 19, 1979. Pa. R. Crim. P., Rule 1406(b). After credit was given to the petitioner for four months 26 days detention time, the effective date was correctly calculated as October 28, 1978, with a minimum term of October 23, 1979, and a maximum term

of October 23, 1981. Credit was therefore applied in accordance with *Davis*.

Accordingly, we will enter the following

**ORDER**

AND Now, January 16, 1980, petitioner's motion for summary judgment is denied and summary judgment is entered in favor of respondent Board.

This decision was reached prior to the expiration of the term of office of Judge DISALLE.