Douglas A. Lawrence, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Ron Turo,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, March 9, 1983:

The petitioner, Douglas A. Lawrence, was arrested on May 27, 1977 and charged with aggravated assault.

He was subsequently convicted of this charge, and, on November 25, 1977, he was sentenced to a term of imprisonment of two to five years. Upon being released from prison, he was placed on parole effective May 27, 1979.

While on parole, on June 13, 1979, the petitioner was arrested and charged with, *inter alia,* resisting arrest, disorderly conduct, carrying a firearm without a license, and owning a firearm after having been convicted of a crime of violence. As a result of this arrest, which violated the conditions of his parole, the Pennsylvania Board of Probation and Parole (Board) lodged a detainer against him on June 13, 1979, the day of his arrest.

The petitioner was convicted on April 11, 1980, of carrying a firearm without a license and owning a firearm after having been convicted of a crime of violence, but sentencing was deferred pending appeal. On April 16, 1980 he was transferred from the Blair County Prison to the State Correctional Institution at Camp Hill as a "security risk" and also because of overcrowded conditions at the Blair County Prison. Subsequently, in accordance with the proper procedures, the Board held a Full Board Revocation Hearing on May 15, 1980, and decided to "Recommit [him] as a Convicted Parole Violator *when available* to serve eighteen months on backtime." (Emphasis added.)

Before us the petitioner contends that his transfer to the State Correctional Institution at Camp Hill commenced the serving of the Board's eighteen month backtime order, in that he was then "available" to the Board. The Board argues, however, that it will not be in a position to take final recommitment action *until* the petitioner has been sentenced on his April 11, 1980 conviction, and that the petitioner has not been "available" to the Board and has not served the eighteen months backtime. The Board notes that Section 21.1 of

the Act of August 6, 1941, P.L. 861, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a provides that the *place* of confinement for the *new sentence* (for the April 11, 1980 conviction), will determine the order of the sentences, and contends therefore that final recommitment action is not possible until the petitioner is sentenced. We agree.

The Board also argues that, in any case, this Court cannot credit the petitioner's time spent at the State Correctional Institution at Camp Hill to his eighteen months backtime, inasmuch as he has not satisfied bail requirements. Again, we agree. As we have consistently held, the crediting of time to a parole violator's original term would occur only when the parolee has satisfied bail requirements for the new offense, and thus remained incarcerated solely by reason of the detainer warrant lodged against him. *Davis v. Cuyler,* 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978).

The Board's order will be affirmed.

### ORDER

AND Now, this 9th day of March, 1983, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.