**Raheem Calvin KELLY, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 31, 2006.

Decided June 6, 2006.

Mark S. Keenheel, Philadelphia, for petitioner.

Arthur R. Thomas, Asst. Counsel and Victoria S. Freimuth, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge; COHN JUBELIRER, Judge, and LEAVITT, Judge.

## OPINION BY Judge LEAVITT.

Raheem Calvin Kelly petitions for review of the September 7, 2005, order of the Pennsylvania Board of Probation and Parole (Board) denying administrative relief from his maximum sentence date, which was calculated by the Board after Kelly was recommitted as a convicted parole violator. Kelly contends that in calculating his maximum sentence date, the Board should have given him credit for the time he spent in county custody prior to trial and sentencing on the new conviction that caused his recommitment.

On August 13, 2002, the Board paroled Kelly from a six-year prison term he was serving. On January 30, 2004, Kelly was arrested for aggravated assault and resisting arrest, and he was confined to Montgomery County prison. Kelly did not post bail. On February 2, 2004, the Board filed a detainer as a result of Kelly's arrest.

On December 1, 2004, Kelly was found guilty of resisting arrest and was remanded to custody by the trial court to await sentencing. Kelly was not given the opportunity to post bail. On February 25, 2005, after an extensive colloquy on how to credit Kelly's time spent in pre-sentence custody, the court sentenced Kelly to "undergo imprisonment for not less than three no more than 23 months in the [Montgomery] County Correctional Facility. The commitment is to date from today." R.R. 69. The court did not credit Kelly's presentence custody [1] to the new conviction.

In January 2005, while awaiting his sentence on the new conviction, Kelly was recommitted to serve 12 months backtime on his original sentence as a convicted parole violator. The Board directed Kelly to serve this backtime "when available."

After Kelly was paroled from Montgomery County prison, he was sent to SCI–Graterford to serve the backtime on his original sentence. The Board then recalculated Kelly's maximum sentence date to be March 10, 2008. In doing so, the Board did not credit Kelly with any of the time he spent in Montgomery County prison while awaiting trial on the 2004 criminal charges.

■ Kelly filed a petition for administrative relief asserting that he should have received credit for 391 days, *i.e.*, the period from January 30, 2004, through February 25, 2005, during which time he was in Montgomery County prison while awaiting trial and sentencing on the 2004 criminal charges. The Board disagreed and denied his petition for administrative review. Kelly then petitioned for our review.[2]

---

**1.** The trial court addressed the issues, noting that

> if I sentence him today, the sentence should run from today. My guess is he'll get—his 12 month back hit will be the time he spent from February of '04 until today. I'm pretty sure you have to do—whatever the hit is, you've got to do that first ... I'm willing to give him credit for that. If he's done 12 or 13 months in the County Prison, I'm willing to give him credit for that and whatever sentence I give him, give him today, which would run from today.

Reproduced Record at 52–53 (R.R.____).

> All I'm saying is whatever sentence I give him, he's going to get credit one way or the other for these 12 months; in other words, part of my sentence or part of the State Parole hit. He's not going to get it credited twice, but those 12 months are going to get credited somewhere. ... So, if that's the case and you're getting 12 months, you will have already done that. So you would start effectively my sentence today.

R.R. 56–57.

**2.** Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether

On appeal, Kelly contends that the Board erred. He contends he is entitled to credit on his original sentence for his time in Montgomery County prison because the trial court did not credit that time to his new sentence. Further, the fact that the sentence imposed on the 2004 charges exceeded the term of his pre-sentence custody is, Kelly argues, of no moment.

The Board counters that it was not permitted to credit his pre-sentence time in Montgomery County prison to his original conviction. Its argument begins with a review of the three separate bases for Kelly's incarceration in Montgomery County prison. For 3 days, from January 30, 2004, to February 2, 2004, Kelly was in custody solely on his arrest for the new criminal charges. For 302 days, from February 2, 2004, through December 1, 2004, Kelly was incarcerated while awaiting trial on the new charges, for which he could not post bail, and on the Board's detainer. For 86 days, from December 1, 2004, to February 25, 2005, Kelly was remanded to prison to await sentencing after he was convicted and was not allowed to post bail. With respect to the first and second periods, the Board argues that Kelly's only remedy is to seek credit from the trial court on the new sentence. As to the remaining period, December 1, 2004, to February 25, 2005, the Board argues that because Kelly was sent to jail, without bail, to await sentencing, this period of confinement can only be applied to the new conviction. To the extent our decision in *Melhorn v. Pennsylvania Board of Probation and Parole*, 883 A.2d 1123 (Pa.Cmwlth. 2005), provides otherwise, the Board requests that it be overruled.

We begin with a review of the relevant case law. In *Martin v. Pennsylvania Board of Probation and Parole*, 576 Pa. 588, 840 A.2d 299 (2003), our Supreme Court addressed the issue of what credit is owed to a parole violator who has been incarcerated under a Board detainer and while awaiting trial on new criminal charges. In that case, James T. Martin, while on parole from a 10–year sentence for robbery, was arrested, charged with two counts of driving under the influence (DUI) and sent to jail. The Board lodged a detainer that same day, *i.e.*, May 30, 2000. Martin did not post bail. On July 19, 2001, Martin was convicted of DUI and sentenced to 48 hours time served and one year of probation; probation was to be served after Martin completed his sentence for robbery. The Board recommitted Martin to serve six months backtime as a convicted parole violator. When the Board calculated Martin's new maximum sentence date, it did not give him credit for the time served while awaiting trial for the DUI charges, *i.e.*, June 1, 2000, to July 19, 2001. Martin sought administrative relief, contending that he should have received credit on his robbery sentence for this entire period, save the 2–day sentence received on the DUI conviction. The Board rejected Martin's request for relief, and this Court affirmed, relying on *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980). Our Supreme Court reversed.

In reversing, the Supreme Court explained that an indigent offender, being unable to post bail, should serve no less and no more time in prison than an offender who does post bail. *Martin*, 576 Pa. at 598, 840 A.2d at 304. Clarifying the principles established in *Gaito*, the Supreme Court explained that where a parolee is held in custody pending trial on new charges and on the Board's detainer as a

---

an error of law was committed, or whether constitutional rights were violated. *Hears v.* *Pennsylvania Board of Probation and Parole*, 851 A.2d 1003, 1004 n. 2 (Pa.Cmwlth.2004).

parole violator, credit should be applied equitably between the two. Stated otherwise, all time spent in confinement must be credited either to the new sentence or to the original sentence.[3] The indigency of a detainee, which disables him from posting bail, should not be determinative of what credit is given for time served. *Id.* at 605–606, 840 A.2d 299, 840 A.2d at 309. Accordingly, Martin was found entitled to credit toward his original sentence for all time spent in custody awaiting trial, except for the 48–hour sentence on the DUI conviction.

This Court has subsequently applied the *Martin* rule whenever the parolee's new sentence was less than the time spent in custody awaiting trial on the new charges. *See, e.g., Hears v. Pennsylvania Board of Probation and Parole,* 851 A.2d 1003 (Pa. Cmwlth.2004); *Jones v. Pennsylvania Board of Probation and Parole,* 831 A.2d 162 (Pa.Cmwlth.2005). In *Melhorn v. Pennsylvania Board of Probation and Parole,* 883 A.2d 1123 (Pa.Cmwlth.2005), this Court considered the application of *Martin* to a case where the parolee's new sentence exceeded his pre-sentence time in confinement.

In *Melhorn,* the parolee violator, Barry Melhorn, was paroled on December 13, 1999. On July 31, 2003, the Board issued a warrant, and Melhorn was picked up that day for parole violations. He remained incarcerated on the Board's warrant until charged with new criminal charges on August 19, 2003. He did not post bail. On December 9, 2003, while still incarcerated,

Melhorn pled guilty to the charge of corrupting a minor. On February 9, 2004, the court sentenced Melhorn to a term of no less than six months and no more than twenty three and a half months, commencing January 30, 2004. The trial court did not credit Melhorn's pre-sentence custody from August 19, 2003, to January 30, 2004, to the new sentence.

Thereafter, the Board recommitted Melhorn to serve six months backtime as a technical parole violator and eighteen months backtime as a convicted parole violator, concurrently, "when available." When Melhorn was returned to Board custody to serve backtime, the Board recalculated his maximum date of expiry. Under this calculation, Melhorn did not receive credit for his time in pre-sentence custody toward either sentence. Melhorn sought administrative relief from the Board's decision and, when it was denied, petitioned this Court for review of that decision.

This Court concluded that Melhorn was entitled to credit toward his original sentence for all time spent in custody on the Board's detainer and while awaiting trial on the new criminal charge, notwithstanding the fact that Melhorn's sentence on his new conviction exceeded his pre-sentence confinement. We reasoned that under *Martin,* indigent defendants should not serve sentences longer than those who are not indigent. Stated otherwise, defendants convicted of the same offense should serve the same sentence. Because Melhorn did not receive credit for his time

---

**3.** The Supreme Court explained that the reason given for the failure to apply credit for time served in such circumstances was to disallow the establishment of "penal checking accounts," whereby a person incarcerated on charges for which he was acquitted would be able to use that time against a future criminal conviction and sentence. *Martin* established that all periods of confinement will be allocat-

ed: (1) where confinement is the result of both a Board warrant and pending criminal charges; (2) where there is no period of incarceration imposed; (3) where the charges are nolle prossed; or (4) the parolee is acquitted. *Martin,* 576 Pa. at 605, 840 A.2d at 309. In the Supreme Court's view, this does not establish a penal checking account. *Id.*

spent in custody awaiting trial, this Court directed the Board to credit this time against his original sentence as requested.

■ We turn to the present case. Kelly was incarcerated for three days on the new conviction before the Board lodged its detainer. *Martin's* equitable principles extend only to the period of time under which an offender is incarcerated on both a Board detainer and new criminal charges.[4] *Martin*, 576 Pa. at 605, 840 A.2d at 309. The statute commonly known as the Parole Act,[5] also clarifies that only time spent on detainer can be applied as credit towards backtime; it states:

> Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, from which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on

parole. ... *The period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator.*

Section 331.211(a) of the Parole Act, 61 P.S. § 331.21a(a)(emphasis added). Because Kelly was not confined as a result of the Board's detainer on the first three days, credit on his original sentence was correctly disallowed.[6]

■ Kelly did not receive credit for the 302 days from February 2, 2004, through December 1, 2004, during which he was incarcerated on the Board's detainer and while awaiting trial for the new criminal charges. Although Kelly's sentence on his new conviction exceeded his pre-sentence confinement, Kelly is entitled to have this time credited to his original sentence under *Melhorn.* We disagree with the Board that Kelly's only recourse is to seek relief from the sentencing court.

■ Finally, we consider the 86 days, December 1, 2004, to February 25, 2005, that Kelly spent in Montgomery County prison after his conviction on the 2004 sentence while awaiting sentencing. The Board argues that *Melhorn* is not dispositive because it was based on *Martin*, which establishes the principle that indigent defendants should not be required to serve a

4. Although an automatic detainer attaches upon the "formal filing of a charge after parole against any parolee ... for any violation of the statutes of this Commonwealth," Section 21.1(a.1) of the act commonly referred to as the "Parole Act," Act of August 6, 1941, P.L. 861, *as amended,* added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a(a.1), there is no evidence of record of when formal charges were filed; Kelly was in the hospital with a broken arm, handcuffed to a bed after his arrest.

5. Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §§ 331.1–331.34a.

6. This conclusion is also consistent with Section 9760 of the Sentencing Code, 42 Pa.C.S. § 9760, which provides that generally a defendant is to be given "credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." *Commonwealth v. Miller*, 440 Pa.Super. 380, 655 A.2d 1000, 1002 (1995) (quotations omitted).

longer overall confinement than their wealthier counterparts for the same offense.[7] Where a defendant is held without bail pending sentencing, there is no disparity to equalize; the indigency of the offender is not a determinative factor. *Martin*, 576 Pa. at 605–606, 840 A.2d at 309.[8]

We agree with the Board. *Martin* does not establish the principle that a parolee who is not given the opportunity to post bail on new criminal charges must be given credit for time served while awaiting trial. Here, Kelly was not permitted to post bail after his conviction. Indigency had nothing to do with those 86 days in jail, and there is nothing to equalize. His wealthier counterpart would have fared no better.

Accordingly, we vacate the Board's September 7, 2005, order and remand this matter to the Board for a recalculation of

the maximum term of expiry of Kelly's original sentence in accordance with this opinion.

## ORDER

AND NOW, this 6th day of June, 2006, the order of the Pennsylvania Board of Probation and Parole dated September 7, 2005, in the above captioned matter is hereby vacated and this matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

**7.** The facts reported in *Melhorn* do not state whether Melhorn's inability to post bail was based upon his indigency. This is the only inference to be drawn, however, because the decision was based on *Martin*, and *Martin* is based upon the principle that indigency cannot be a factor in assigning credit for time spent in prison. It does not speak to a case where a trial court does not allow a person charged with a crime to post bail.

**8.** A sentencing judge does not have authority to make crediting decisions under Section 9760(1) of the Sentencing Code with respect to a defendant held for state parole violations. 42 Pa C.S. § 9760. Section 9760(1) states that

Credit against the maximum term and any minimum term shall be given to the defen-

dant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1). *See Feilke v. Pennsylvania Board of Probation and Parole*, 167 Pa. Cmwlth. 381, 648 A.2d 121, 123 (1994) (stating that "the Board and not the sentencing court must determine how custody credit shall be applied when a sentence is imposed for a crime committed during the period a defendant is on parole."). It remains the law that the sentencing court is not to decide the credit issue. *Melhorn*, 883 A.2d at 1128 n. 4.