IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Branch,                          :
                         Petitioner     :
                                        :
            v.                          :
                                        :
Pennsylvania Board of Probation and     :
Parole,                                 :   No. 754 C.D. 2015
                        Respondent   :   Submitted: January 8, 2016


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: January 29, 2016


            Pending before this Court is the application to withdraw appearance
(withdrawal application) filed by David Crowley, Esquire (Counsel) and amended
petition for review he filed on behalf of Daniel Branch (Petitioner) from an order of
the Pennsylvania Board of Probation and Parole (Board) recommitting Petitioner as a
convicted parole violator (CPV) and recalculating his parole violation maximum
sentence date. Counsel seeks permission to withdraw from representing Petitioner on
the basis that his appeal is without merit. For the reasons that follow, we affirm the
Board's order and grant Counsel leave to withdraw.

**I.**

In 2008, the Delaware County Court of Common Pleas sentenced Petitioner to serve 2.5 to 5 years of incarceration as a result of his conviction for the manufacture, delivery or possession with intent to manufacture or deliver a controlled substance (PWID), with an initial minimum release date of February 5, 2010, and a maximum date of August 5, 2012. He was also convicted on six counts of identity theft, each of which resulted in one year of probation (Delaware County special probation), running consecutively with the other identity theft sentences but concurrently with his drug conviction sentence. Petitioner was paroled on February 8, 2010, to a community corrections residency program. Following his successful completion of the program on December 13, 2010, he was transferred to a home plan.

On May 25, 2011, the Philadelphia Police Department arrested Petitioner for aggravated assault, simple assault, PWID with respect to marijuana, reckless endangerment of another person and fleeing or attempting to elude the police.[1] The Court of Common Pleas of Philadelphia County set a monetary bail, but the Board ordered him detained pending disposition of the criminal charges pursuant to a Board warrant to commit and detain dated May 26, 2011, after he waived his right to counsel and to a detention hearing. He was placed in the Philadelphia County Prison and was declared delinquent for control purposes effective May 25, 2011.

---

[1] The Criminal Arrest and Disposition Report indicates that officers from the Philadelphia Police Department stopped Petitioner for operating his vehicle with an expired registration. During the traffic stop, the officers observed the smell of marijuana and requested that Petitioner exit his vehicle, after which Petitioner sped off, striking one officer with his car door. A subsequent search of the vehicle revealed 418.5 grams of marijuana, and during a search of Petitioner's residence, officers recovered baggies and a digital scale.

On September 1, 2011, the Philadelphia County Court modified Petitioner's monetary bail to release on his own recognizance (ROR), but he remained imprisoned due to the Board's detainer. On August 1, 2012, the Philadelphia County Court revoked Petitioner's ROR bail and reinstated his monetary bail. The Board lifted its detainer on August 5, 2012, the date of Petitioner's initial maximum sentence date. However, on July 18, 2012, before the detainer was lifted, the Delaware County Court issued a bench warrant for violating the Delaware County special probation because of the new criminal charges. When the Board lifted its detainer on August 5, 2012, Petitioner was then held at the Delaware County Prison until September 13, 2013, when the Delaware County bench warrant was rescinded. Subsequently, on November 12, 2013, the Philadelphia County Court granted Petitioner's motion for release pursuant to Pennsylvania Rule of Criminal Procedure 600 and changed Petitioner's monetary bail to nominal bail conditional upon Petitioner's placement on house arrest.[2]

On August 5, 2014, Petitioner pled guilty in the Philadelphia County Court to PWID, aggravated assault and fleeing or attempting to elude police and was sentenced to time served to 23 months of incarceration, followed by six years of reporting probation. On September 23, 2014, Petitioner was paroled from the

---

[2] Pennsylvania Rule of Criminal Procedure 600(B)(1) provides that "no defendant shall be held in pretrial incarceration in excess of… 180 days from the date on which the complaint is filed." Pa. R. Crim. P. 600(B)(1). As a corollary, Rule 600(D)(2) explains that "when a defendant is held in pretrial incarceration beyond the time set forth in paragraph (B), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the defendant be released immediately on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law." Pa. R. Crim. P. 600(D)(2).

Philadelphia County sentence and detained by the Board as a CPV. Again, Petitioner waived his right to a revocation hearing and to counsel. The Board recommitted Petitioner to serve his unexpired term of one year, six months, and 28 days, recalculating his new maximum sentence date as April 19, 2016. Specifically, the Board determined that Petitioner owed 909 days on his original sentence based on his parole date of February 8, 2010, and his initial maximum date of August 5, 2012, less 335 days for which it gave him back time credit.[3] Adding 574 days to the date on which the Board found Petitioner available to begin serving, September 23, 2014, yielded a new maximum date of April 19, 2016.

Petitioner filed *pro se* a timely administrative appeal, claiming that the Board improperly recalculated the maximum sentence date to April 19, 2016, because it exceeded the remaining balance of his original maximum sentence and thereby violates the Act of July 5, 2012, P.L. 1050, No. 122 ("Act 122"), amending Section 6138(a)(2) of the Prison and Parole Code, 61 Pa. C.S. §6138(a)(2), as well as the prohibition against cruel and unusual punishment. He further contended that the Board altered his judicially imposed maximum sentence expiration date in contravention of his due process rights and failed to provide him credit for the time he spent in good standing at liberty on parole. Additionally, he argued that he pled guilty only to the PWID, simple assault and fleeing charges; he denied pleading guilty to aggravated assault.

---

[3] The Board credited Petitioner for time served from September 1, 2011, through August 1, 2012, on the basis that during that period, he was detained solely on the Board's warrant.

4

By order mailed April 24, 2015, the Secretary of the Board issued a decision explaining the Board's order:

> The Board recommitted you to serve your unexpired term of 1 year, 6 months and 28 days as a convicted parole violator for the offenses of [PWID] – Marijuana, Aggravated Assault and Fleeing or Attempting to Elude Officers. The changes to the Prisons and Parole Code by Act 122 of 2012 did not change anything for those recommitted as convicted parole violators. Rather, it only changed the recommitment terms for technical parole violators. Recommitment terms for convicted parole violators is [*sic*] still governed by presumptive ranges in the regulation. The presumptive ranges for your offenses are: 9 to 15 months, 24 to 40 months and 6 to 12 months, respectively. 37 Pa. Code §75.2. Adding these ranges together gave the Board a maximum range of 67 months. Thus, the decision to recommit you to serve your unexpired term of 1 year, 6 months and 28 days does not exceed the presumptive recommitment range and is not subject to challenge. *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558 (Pa. 1990).

(Certified Record at 83.) The Board further explained that its authority to recalculate his maximum sentence stemmed from its decision to recommit him as a CPV and its discretion to decline to credit his parole time under 61 Pa. C.S. §6138(a)(2). The Board denied Petitioner's request for administrative relief and this appeal followed.

## II.

In the amended petition for review, Petitioner asserted via Counsel that the Board erred in: (1) failing to credit Petitioner's sentence with the time to which he was entitled; (2) unconstitutionally recalculating his parole violation maximum date to a date which exceeds the entire remaining balance of his judicially imposed

5

sentence; (3) recommitting Petitioner as a CPV because it lacked jurisdiction to do so after his original sentence expired; and (4) extending his sentence maximum date in the administrative appeal denial.

Subsequently, Counsel filed a withdrawal application claiming that after reviewing the certified record, his notes from his interview with Petitioner, and his correspondence with Petitioner, he has determined that the instant appeal is without merit. Specifically, in his brief to this Court, Counsel advised that the certified record belies Petitioner's claim that he did not plead guilty to aggravated assault because the sentencing order, the Board's recommitment decision, the Philadelphia County Court docket, and his waiver of counsel and revocation hearing all reflect the aggravated assault charge.

Regarding the Board's authority to recalculate Petitioner's maximum sentence date, Counsel explained that a sentencing court imposing a sentence of total incarceration in a state correctional institution does not impose a maximum sentence date, but rather imposes an indeterminate sentence with a minimum term and a maximum term as per 42 Pa. C.S. §9756. Although the Department of Corrections is bound by the sentencing court's articulation of length and must provide credit for time served, it is responsible for calculating the minimum and maximum dates on sentences. Further, he stated that under Section 6138(a) of the Prison and Parole Code,[4] a parolee who is convicted of committing a crime while on parole may be re-

---

[4] Section 6138(a) of the Prison and Parole Code provides:

(a) **Convicted violators.**—

**(Footnote continued on next page…)**

6

imprisoned for the unserved balance of his original maximum sentence and may, at the Board's discretion, be denied credit for the time at liberty on parole. To the extent Petitioner claims that this extension violates his due process rights, Counsel noted that "[t]he appellate courts have consistently upheld the constitutionality of the extension of parole violation maximum dates for convicted state parole violators." (Br. for Applicant, at 20–21.)

---

**(continued…)**

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(1)–(2.1).

With respect to the accuracy of the Board's recalculation of Petitioner's maximum release date from August 5, 2012, to April 19, 2016, Counsel stated that Petitioner was released on parole on February 5, 2010, at which time he had 909 days left on his original sentence. Noting that the balance of an original sentence must be reduced for any time a parolee was detained solely on the Board's warrant, he advised that Petitioner was entitled to credit for the 335 days he spent detained exclusively on the Board's warrant from September 1, 2011, through August 1, 2012, when the Philadelphia County Court revoked Petitioner's ROR bail and reinstated his monetary bail. Applying the remaining 574 days to September 23, 2014, the date on which Petitioner was detained by the Board as a CPV and became available to serve the balance of his original sentence, yields a recalculated maximum date of April 19, 2016.

With regard to Act 122, Counsel directed our attention to *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121 (Pa. Cmwlth. 2005), and argues that the Board retains jurisdiction to recommit and recalculate original maximum sentences for new offenses committed during the term of parole. Similarly, he advised that although a state's deliberate indifference to an inmate's medical condition may present a cognizable civil rights claim, nothing under the Eighth Amendment enables Petitioner to challenge his recommitment to serve the balance of his original sentence without being credited for the time spent on parole.

Counsel also averred that he notified Petitioner of his request to withdraw, provided Petitioner a copy of his brief, transmitted a copy of the certified

8

record to Petitioner, and advised Petitioner of his right to retain new counsel or raise any points he wished the Court to consider *pro se*.

## III.

## A.

Upon review,[5] we first inquire whether Counsel complied with the technical requirements governing the withdrawal of counsel appointed to represent petitioners seeking review of Board determinations. These requirements differ depending on whether a petitioner's right to counsel is constitutional in nature. Because appeals alleging that the Board did not properly calculate a petitioner's maximum date do not implicate a constitutional right to counsel, *see Hughes v. Pennsylvania Board of Probation and Parole,* 977 A.2d 19, 25–26 (Pa. Cmwlth. 2009) (*en banc*), counsel need only comply with the requirements set forth in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). Pursuant to this standard:

> [C]ounsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a "no-merit" letter which details the nature and extent of the attorney's review and lists each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless….

---

[5] Our scope of review is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation & Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

9

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (internal quotation marks and citations omitted) (original alternations omitted).[6] Additionally, counsel must provide to the petitioner a copy of the "no-merit" letter, a copy of the petition to withdraw, and a statement advising the petitioner of his right to proceed *pro se* or via new counsel. *Id.* at 960. Where these technical prerequisites are satisfied, the Court will perform its own review of the merits of the case, and if we find that the claims lack merit, we will allow counsel to withdraw. *Id.*

Here, Counsel submitted an *Anders* brief and argues that Petitioner's appeal is frivolous. Counsel has complied with the technical requirements in that Counsel's application to withdraw asserts that he has notified Petitioner of his request to withdraw, provided him a copy of the brief he filed, transmitted a copy of the certified record to Petitioner, and advised Petitioner of his right to proceed *pro se* or through new counsel.

---

[6] Where a constitutional right to counsel is implicated, pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), counsel must:

> (1) notify the court and the defendant of his belief that the appeal is wholly frivolous and of his intent to withdraw; (2) provide a brief to the court and the defendant which includes any matter in the record that could arguably support the defendant's appeal; and (3) advise the defendant of "his right to retain new counsel" or proceed pro se.

*Hughes*, 977 A.2d at 22. While a distinction is made among *Anders* briefs and no-merit letters, "[i]n recent years, this Court has shown little concern for whether it receives an *Anders* brief or a no-merit letter in a parole revocation matter…. This Court has recently drawn little distinction between whether the case must be 'frivolous' or 'meritless' before counsel may withdraw." *Id.* at 25.

Moreover, Counsel's brief explains that his conclusion is based upon review of the certified record, his notes from his interview with Petitioner, and correspondence with Petitioner. As detailed above, the brief discusses three issues enumerated in the petition for review[7] as well as the additional arguments Petitioner raised *pro se* in his administrative appeal and analyzes the merits of each argument, applying the relevant statutory authority and case law. Because, facially, the brief sets forth substantial reasons for concluding that Petitioner's arguments are meritless, Counsel complied with the standard governing no-merit letters, and we will conduct an independent review to determine whether the appeal is indeed meritless.

**B.**

**1.**

Regarding Petitioner's claim that the Board erred in recalculating his parole violation maximum date as April 19, 2016, we agree with Counsel's assertions. Petitioner was released on parole on February 8, 2010, at which time he had 909 days left of his original sentence. Section 6138(a)(2) of the Prison and Parole Code, 61 Pa. C.S. §6138(a)(2), enabled the Board to recommit Petitioner to serve the balance of his remaining maximum sentence—909 days—without being credited for the time he was at liberty on parole. *Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596, 599 (Pa. Cmwlth.), *appeal denied*, 29 A.3d 374

---

[7] Counsel did not address the argument that the Board erred in extending Petitioner's sentence maximum date in the administrative appeal denial. While the Board did misstate Petitioner's recalculated maximum date in that order, the effect of the order was to affirm its decision dated December 16, 2014, in which it recalculated Petitioner's maximum date as April 19, 2016, not to amend it. Therefore, this failure is not detrimental to Counsel's withdrawal application.

11

(Pa. 2011) ("[*C*]onvicted parole violators…are not entitled to any credit for street-time. Consequently, when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time, regardless of good or delinquent standing."). Although Petitioner's argument that he was in good standing while on parole would be relevant had he been recommitted as a *technical* parole violator, it has no bearing on his recommitment as a *convicted* parole violator. *Id.* at 598–99 ("[*T*]echnical parole violators are entitled to credit for time served while on parole in good standing, such that they may only be recommitted for the remainder of their original sentences…."); *see also* Section 6138(c)(2) of the Prison and Parole Code, 61 Pa. C.S. §6138(c)(2) ("If the parolee is recommitted under this section [regarding technical parole violations], the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.").

Further, the Board properly credited Petitioner for the 335 days he spent detained solely on the Board's warrant between September 1, 2011, and August 1, 2012. *Davis v. Cuyler*, 394 A.2d 647, 649 (Pa. Cmwlth. 1978). Indeed, although the Board did not lift its detainer until August 5, 2012, on August 1, 2012, the Philadelphia County Court revoked Petitioner's ROR bail and reinstated his monetary bail with respect to charges for which he was ultimately convicted. Because Petitioner was not detained exclusively on the Board's warrant from August 1, 2012, through August 5, 2012, but was also detained on his new criminal charges, he is not entitled to credit for these four days. *Id.*; *see also Hears v. Pennsylvania Board of Probation and Parole*, 851 A.2d 1003, 1007 (Pa. Cmwlth. 2004) (holding that

12

whether bail is paid is irrelevant in determining whether a petitioner was held solely on the Board's detainer).

Further, the 574-day remaining period began to run on September 23, 2014, the date on which Petitioner was paroled from the Philadelphia County sentence and detained by the Board as a CPV. *See* Section 6138(a)(4) of the Prison and Parole Code, 61 Pa. C.S. §6138(a)(4) ("The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator."). Applying the 574 days to September 23, 2014, yields an end date of April 19, 2016, as calculated by the Board. Therefore, we agree with Counsel that this claim is without merit.

## 2.

Regarding Petitioner's claim that the Board erred in recalculating his maximum violation date to a date *after* his initial date of August 5, 2012, expired and thereby enhanced his sentence beyond that judicially imposed, we disagree. Section 6138(a)(1) of the Prison and Parole Code enables the Board, in its discretion, to recommit as a parole violator a parolee "released from a correctional facility who, during the period of parole…commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty…*at any time thereafter* in a court of record." 61 Pa. C.S. §6138(a)(1) (emphasis added). For purposes of recommitting, the Board does not lose jurisdiction over a parolee simply because the initial violation maximum date expires, *if*, prior to the expiration of that date, a parolee commits another crime for which he is arrested.

13

Indeed, the operative date is not the date on which an initial violation maximum date expires, but rather, the date on which the crime for which a parolee is recommitted occurred. Stated differently, if the crime occurred *before* the expiration of the maximum date but the parolee is convicted of it after the maximum date, the Board nonetheless has the authority to recommit the parolee as a CPV. *Id.*

### 3.

Insofar as Petitioner's *pro se* administrative appeal to the Board also claimed that the Board's recalculation violates Act 122 and the prohibition against cruel and unusual punishment, we disagree. First, Act 122 of 2012 amended Section 6138(a)(2) of the Prison and Parole Code to provide the Board discretion to award CPVs credit for time spent at liberty on parole. Act of July 5, 2012, P.L. 1050, No. 122. It did not, however, *mandate* that the Board provide such credit.

Further, pursuant to Section 9756 of the Sentencing Code,[8] the sentencing court imposes an indeterminate sentence but specifies the maximum and

---

[8] Section 9756 of the Sentencing Code provides:

> **(a) General rule.--**In imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law and whether the sentence shall commence in a correctional or other appropriate institution.
>
> **(b) Minimum sentence.**—
>
> (1) The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.

**(Footnote continued on next page…)**

14

minimum terms, with the latter controlling parole availability. However, because an inmate may have other sentences which he has to serve, "[t]he Department [of Corrections]…is responsible for calculating the minimum and maximum terms of prisoners committed to its jurisdiction." *Gillespie v. Department of Corrections*, 527 A.2d 1061, 1065 (Pa. Cmwlth. 1987), *appeal denied*, 540 A.2d 535 (Pa. 1988). The Board does not impose a new sentence or extend the sentence imposed by the sentencing court; it merely applies the sentence given to calculate the maximum and minimum release dates. Such action aligns with a sentencing court's order and does

---

**(continued…)**

      (2) The minimum sentence imposed under this section may not be reduced through parole prior to the expiration of the minimum sentence unless otherwise authorized by this section or other law.

      (3) Except where the maximum sentence imposed is two years or more, and except where a mandatory minimum sentence of imprisonment or total confinement is required by law, the court shall, at the time of sentencing, state whether or not the defendant is eligible to participate in a reentry plan at any time prior to the expiration of the minimum sentence or at the expiration of a specified portion of the minimum sentence. For maximum sentences of less than two years as defined under section 9762(f) (relating to sentencing proceeding; place of confinement), a court may parole a defendant prior to the expiration of the minimum sentence only if the defendant was made eligible to participate in a reentry plan at the time of sentencing. The court shall provide at least ten days' written notice and an opportunity to be heard, pursuant to section 9776 (relating to judicial power to release inmates), to the prosecuting attorney before granting parole pursuant to this subsection. The reentry plan eligibility shall be considered a part of the sentence and subject to the requirements relating to the entry, recording and reporting of sentences.

42 Pa. C.S. §9756.

not constitute a *new* sentence which is subject to challenge under the Eighth Amendment of the United States Constitution,[9] provided that the recalculated maximum date does not exceed the balance of the unserved original sentence. *See Savage v. Pennsylvania Board of Probation and Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000) ("The Board can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the power to alter a judicially-imposed sentence.").

**4.**

Finally, we find no merit in Petitioner's argument that he did not plead guilty to aggravated assault. The Board's finding that he pled guilty to aggravated assault for purposes of calculating the total presumptive range for his offenses is supported by substantial evidence of record—namely, the Philadelphia County Court's docket and sentencing order, the Board's recommitment decision, and most notably, Petitioner's waiver of revocation hearing and counsel/admission form on which aggravated assault is specifically listed.

Accordingly, having found Petitioner's appeal meritless, we affirm the Board's order and grant Counsel leave to withdraw.

_____
DAN PELLEGRINI, Senior Judge

---

[9] *See* U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); *see also* Pa. Const. art. 1, §13 ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted.")

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Branch,                          :
                    Petitioner          :
                                        :
              v.                        :
                                        :
Pennsylvania Board of Probation and     :
Parole,                                 :
                    Respondent :   No. 754 C.D. 2015

**O R D E R**

AND NOW, this 29<u>th</u> day of <u>January</u>, 2016, the order of the Pennsylvania Board of Probation and Parole bearing a mailing date of April 24, 2015, is affirmed, and David Crowley, Esquire's application to withdraw appearance is granted.

_____
DAN PELLEGRINI, Senior Judge