# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darla Jean Bailey,                          :
                          Petitioner        :
                                            :
              v.                            :      No. 852 C.D. 2019
                                            :      Submitted: January 10, 2020
Pennsylvania Board of Probation             :
and Parole,                                 :
                          Respondent        :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED: February 28, 2020**


Darla Jean Bailey petitions for review of the Order of the Pennsylvania Board of Probation and Parole (Board) affirming the Board's Decision, mailed September 17, 2018, recalculating Bailey's parole violation maximum date as May 27, 2022, based on her recommitment as a convicted parole violator (CPV). On appeal, Bailey argues the Board erred in recalculating her parole violation maximum date because it did not give her credit toward her original sentence for the time she spent in presentence confinement that she claims had not been credited to her new sentence. However, because the maximum on Bailey's new sentence exceeds the period she spent in presentence confinement, the Board did not err, and we affirm.

The relevant facts are as follows. On February 26, 2015, the Board paroled Bailey from her original sentence,[1] which had a maximum date of September 23, 2020, and she was released on April 5, 2015. On December 22, 2016, Bailey was arrested on charges of retail theft, possessing an instrument of crime, and receipt of stolen property.[2] (Certified Record (C.R.) at 48.) The Board issued a Warrant to Commit and Detain Bailey on the same day. Bailey did not post bail on the new charges and remained confined on both the new charges and the Board's detainer. Following an initial guilty plea to conspiracy to commit retail theft on January 30, 2017,[3] which was vacated on January 5, 2018, Bailey pled *nolo contendere* to retail theft on May 14, 2018. (*Id.* at 134, 137-38.) Bailey was sentenced to 9 months to 36 months of incarceration. (*Id.* at 137.) The sentencing court held that Bailey was eligible to participate in the Recidivism Risk Reduction Incentive (RRI) program,[4] which made her minimum sentence 6 months, 22 days, and gave her credit for time served between December 22, 2016, and May 14, 2018. (*Id.* at 137-38, 143.)

On June 19, 2018, Bailey executed a waiver of her rights to a revocation hearing and counsel, and she admitted to pleading no contest to retail theft on May

---

[1] Bailey pled guilty to retail theft and access device fraud and was sentenced to a minimum of three years, seven months to nine years, four months of incarceration. (Certified Record at 1-2.) Nine months of this time was for her violation of probation. (*Id.*)

[2] Bailey violated the conditions of her parole on multiple occasions between her release on April 5, 2016, and her arrest on December 22, 2016, which resulted in her being declared delinquent twice.

[3] This original conviction resulted in Board actions in which the Board recommitted Bailey and recalculated her parole violation maximum date. However, upon being informed that the January 30, 2017 order was vacated, the Board rescinded those actions.

[4] Per Sections 4504 and 4505 of the Prisons and Parole Code, 61 Pa. C.S. §§ 4504-4505, certain defendants may be eligible to participate in this program, which allows the sentencing court to impose an RRI minimum sentence, which reduces the minimum sentence required to be served by a certain percentage depending on the length of the minimum sentence.

14, 2018. The Board issued an Order to Recommit, which gave Bailey credit for her time at liberty on parole between April 5, 2015, and December 22, 2016. (*Id.* at 163.) Based on that credit determination, the Board recalculated Bailey's new parole violation maximum date as May 27, 2022, the result of adding the 1371 days between Bailey's original maximum date, September 23, 2020, and the date she was arrested on the new charges, December 22, 2016, to her return to custody date, August 25, 2018. (*Id.* at 162.) By Notice of Board Decision mailed September 17, 2018,[5] the Board recommitted Bailey as a CPV to serve nine months' backtime.

Bailey filed a Petition for Administrative Review on October 14, 2018, asserting a sentence credit challenge. (*Id.* at 178-80.) Bailey sent additional correspondence to the Board in January and March 2019. By Order mailed May 2, 2019, the Board affirmed the decision mailed September 17, 2018. (*Id.* at 207-08.) Therein, the Board explained that when Bailey was paroled on April 5, 2015, she had 1998 days remaining on her sentence, but because the Board gave her credit for her time at liberty on parole between April 5, 2015, and December 22, 2016, she only had 1371 days remaining on her sentence. Noting that Bailey had been arrested on the new charges and detained by the Board on December 22, 2016, did not post bail on the new charges, and was sentenced to state confinement on the new charges on May 14, 2018, the Board explained it did not award Bailey backtime credit toward her original sentence. Any confinement time remaining in question, it indicated, would go toward Bailey's new conviction once she starts serving that sentence.

---

[5] The Board notes there is some discrepancy as to the mailing date of this decision, with the date stamp on the decision reflecting that it was mailed on September 17, 2018, but its response referring to the mailing date as October 3, 2018. A review of its electronic files revealed a copy of the same decision with a mailing date of October 3, 2018. Regardless of which mail date is used, Bailey's Petition for Administrative Review was timely filed.

Further, the Board stated, because Bailey could not begin re-serving her original sentence until she was recommitted as a CPV, which did not occur until August 25, 2018, that was the date the Board used to recalculate her new parole violation maximum date.[6] Bailey now petitions this Court for review.[7]

On appeal,[8] Bailey argues that an offender must be credited for all time spent in confinement on either the offender's new sentence or original sentence. *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 354 (Pa. Cmwlth. 2007). Bailey contends that equity must guide the Court's analysis of her petition for review and that she was not given sentence credit for all of the time she was confined between December 22, 2016, and May 14, 2018. According to Bailey, her sentence on the new charges was approximately 11 months shorter than her incarceration up until that time, and, therefore, the Board should have given her credit for the remaining time against her original sentence pursuant to *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 305 (Pa. 2003), and *Hears v. Pennsylvania Board of Probation and Parole*, 851 A.2d 1003, 1007 (Pa. Cmwlth. 2004).

---

[6] Bailey was reparoled on May 30, 2019, at which time she began serving her new sentence. (C.R. at 210-12.) Per the Department of Corrections, Bailey was given credit against her new sentence for December 22, 2016, to August 24, 2018. (*Id.* at 212.)

[7] Due to a delay in the Board issuing a response to her Petition for Administrative Review, Bailey filed a mandamus action in this Court's original jurisdiction. By order dated June 17, 2019, the Court noted that the Board had filed its response on May 2, 2019, and allowed Bailey to "file a timely appellate jurisdiction petition for review within 30 days" of that order. *Bailey v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 254 M.D. 2019, filed June 18, 2019). Bailey filed her appellate petition for review within that 30-day period.

[8] Our review in parole revocation cases "is limited to a determination of whether necessary findings are supported by substantial evidence, [whether] an error of law was committed, or whether constitutional rights of the parolee were violated." *Johnson v. Pa. Bd. of Prob. & Parole*, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

The Board responds that its calculation is correct because the maximum on Bailey's new sentence, 36 months, exceeds the amount of time Bailey spent in presentence confinement and, therefore, it is possible to award all of the credit for this confinement time towards her new sentence. Thus, the Board argues, the equitable exception established in *Martin* is inapplicable here. To the extent Bailey maintains she should receive credit toward her original sentence, the Board points out that sentence credit cannot be applied to both the original sentence and the new sentence. *Barndt v. Dep't of Corr.*, 902 A.2d 589, 595 (Pa. Cmwlth. 2006) (precluding the award of double credit). The time Bailey spent incarcerated between December 22, 2016, and August 25, 2018, the Board notes, was applied to her new sentence. In support of Bailey's recalculated parole violation maximum date, the Board explains that Bailey had 1371 days remaining on her sentence when she was arrested on December 22, 2016, and her return to custody date is August 25, 2018, the date when she was recommitted. When the 1371 days are added to August 25, 2018, the new maximum date is May 27, 2022.

Pursuant to Section 6138(a)(1) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(1), a parolee who, during the period of parole, commits and is convicted or found guilty of a crime punishable by incarceration may be recommitted as a CPV. If recommitted, the parolee is required to serve the remainder of the term that the parolee would have been compelled to serve had parole not been granted, with credit for the time spent at liberty on parole granted only in the Board's discretion. 61 Pa. C.S. § 6138(a)(2), (2.1). Where a new sentence is imposed, a parolee is required to serve the balance of the original sentence prior to beginning the new sentence. 61 Pa. C.S. § 6138(a)(5)(i).

5

The time a parolee spends confined prior to sentencing is credited toward the parolee's original sentence if the parolee satisfies the bail requirements and remains confined only on the Board's detainer. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). When bail is not posted and the parolee is confined on both the new charges and the Board's warrant, the presentence time is applied to the new sentence unless it is not possible to apply all of that time to the new sentence. *Martin*, 840 A.2d at 305, 309; *Armbruster*, 919 A.2d at 353-54. Thus, for example, if the new charges are withdrawn or the new sentence's **maximum is less than the time spent in presentence confinement**, credit for any excess time should be applied toward the original sentence. *Martin*, 840 A.2d at 308-09; *Armbruster*, 919 A.2d at 353-54; *Hears*, 851 A.2d at 1007.

Bailey asserts that not all of her presentence confinement could be attributed to her new sentence and, therefore, like the parolee in *Hears*, she is entitled to credit for some of that time toward her original sentence. However, *Hears* is distinguishable, and Bailey's assertions are not supported by the record. *Hears* involved a parolee who was arrested and confined on new charges and, after one charge was withdrawn and a second charge was amended to a lesser offense, the parolee pled guilty and was **sentenced to four days** in prison, which were the last four days he spent confined prior to sentencing. 851 A.2d at 1003. We held that the Board had to credit the parolee's original sentence with the remaining time the parolee spent in presentence custody under *Martin*. *Id.* at 1007.

In contrast, Bailey's new sentence was 9 months to **36 months**, although the minimum was reduced due to her being RRI eligible. Bailey's presentence confinement, the period between December 22, 2016, and May 14, 2018, was for 16 months, 22 days. Because the maximum on Bailey's new sentence exceeds the

6

period she spent in presentence confinement, the *Martin* equitable exception does not apply. Applying the general rule set forth in *Gaito,* Bailey's presentence confinement was applied toward her new sentence because she was confined prior to her May 14, 2018 sentencing on both the new charges and the Board's detainer. 412 A.2d at 571. The record bears this out as it shows that, when the Department of Corrections issued its sentence summary for Bailey's new sentence, Bailey received commitment credit toward that new sentence for the period between December 22, 2016, and August 24, 2018. (C.R. at 212.) This period includes both the presentence confinement period and the time between Bailey's new sentencing and when the Board recommitted her as a CPV on August 25, 2018. An order directing that Bailey receive credit toward her original sentence for this time period would result in double credit, which is not permitted. *Barndt*, 902 A.2d at 595. Therefore, we discern no error in the Board not giving Bailey credit toward her original sentence for the time she spent in presentence confinement.

Accordingly, the Board's Order is affirmed.

_____
**RENÉE COHN JUBELIER,** Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darla Jean Bailey,                          :
                        Petitioner            :
                                              :
              v.                              :      No. 852 C.D. 2019
                                              :
Pennsylvania Board of Probation              :
and Parole,                                   :
                        Respondent            :

# O R D E R

NOW, February 28, 2020, the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge