Richard A. Mitchell, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

244

Submitted on briefs, February 4, 1977, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Richard A. Mitchell,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

Opinion by President Judge Bowman, July 22, 1977:

Richard A. Mitchell (petitioner) filed a "Petition for the Writ of Mandamus," which we have treated as a petition for review pursuant to the Pennsylvania Rules of Appellate Procedure. An answer on behalf of the Pennsylvania Board of Probation and Parole (Board), including new matter and the certificate of the Chairman of the Pennsylvania Board of Probation and Parole pursuant to Section 8 of the Act of August 6, 1941 (Act), P.L. 861, *as amended*, 61 P.S. §331.8, was duly filed.

In response thereto, petitioner filed a "Traverse" in the nature of a reply to new matter and a motion for summary judgment. A cross motion for summary judgment was filed by the Board, which motions were ordered submitted on briefs. The pleadings being closed, and there being no genuine issue as to any material fact, this case is ripe for disposition by summary judgment. Pa. R.C.P. No. 1035.

The facts are as follows. On April 10, 1972, petitioner was sentenced to a term of two to five years for the offenses of burglary, larceny and receiving stolen goods.[1] An overlapping sentence for the offenses of receiving stolen goods, forgery and conspiracy of one and one-half to three years was handed down on February 7, 1973.[2]

On May 18, 1974, petitioner was paroled from both sentences, subject to standard limitations upon his activities.

---

[1] Effective date—April 10, 1972.
Minimum date—April 10, 1974.
Maximum date—April 10, 1977.

[2] Effective date—November 18, 1972.
Minimum date—May 18, 1974.
Maximum date—November 18, 1975.

Arrests followed on July 7, 1974, on charges of receiving stolen goods, and on July 15, 1974, on charges of burglary and theft by unlawful taking or disposition. A detention hearing conducted by the Board on September 5, 1974, resulted in petitioner being continued on parole pending disposition of the outstanding criminal charges.

On March 26, 1975, petitioner was convicted of the charges involved in the July 15, 1974 arrest, sentenced to two and one-half to five years, and released on bail pending appeal. On January 13, 1976, petitioner was convicted of corrupting the morals of a minor, criminal attempt, and criminal conspiracy, with sentencing deferred to an unspecified date.

On February 7, 1976, while on bail, petitioner was arrested for unauthorized use of a vehicle, possession of stolen credit cards, resisting arrest, speeding and reckless driving. Two days later, the Board issued its "warrant"[3] against petitioner, reciting the charges involved in the February 7 arrest, and various technical violations of his parole.

A preliminary hearing conducted on February 19, 1976, resulted in a determination dated March 9, 1976, that petitioner be detained pending disposition of the outstanding criminal charges and returned to the custody of the Board as a technical parole violator when available.

Petitioner was then notified that a parole revocation hearing would be conducted based upon the convictions of March 26, 1975 and January 13, 1976. On April 22, 1976, petitioner signed waivers of counsel and of hearing before the full Board. A hearing conducted on April 30, 1976, resulted in a determination

---

[3] This was, more likely, a detainer as petitioner was already in custody. However, for the purposes of this opinion, it is a distinction without a difference.

dated May 12, 1976, to recommit petitioner as a convicted parole violator. Recomputation of petitioner's maximum sentence from the April 10, 1972 sentence, pursuant to Section 21.1(a) of the Act, added by the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §331.21a(a), was deferred pending disposition of the charges involved in the February 7, 1976 arrest. On August 17, 1976, petitioner was convicted of those charges and immediately paroled.

On that same date, petitioner's maximum sentence from the April 10, 1972 sentence was extended to July 9, 1979, by adding to it all of the time spent on "parole" from May 18, 1974 until August 17, 1976. To factually focus one of the issues raised, it must be noted that from February 9, 1976 until August 17, 1976, petitioner was incarcerated and subject to the warrant of the Board and in the custody of the Board.

Petitioner first argues that under *Morrissey v. Brewer*, 408 U.S. 471 (1972), he was entitled to both a preliminary hearing and a final hearing prior to parole revocation and that because he was denied a preliminary hearing prior to the April 30, 1976 hearing, his recommitment was unconstitutional. Petitioner also seeks full credit for the time spent on parole, which time was used to extend his original maximum sentence.

Turning first to petitioner's *Morrissey v. Brewer* argument, we must, on this issue, grant the Board's cross motion for summary judgment. In *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973) (POMEROY, J. concurring), it was pointed out that when a parolee is recommitted as a *convicted* parole violator, a preliminary hearing in the *Morrissey v. Brewer* context is unnecessary. The purpose of the preliminary hearing is to determine whether there is probable cause to support a charge of parole violation. As this purpose is fully served by the trial at

which the prisoner is convicted, the need for the preliminary hearing is obviated.[4] *See also Commonwealth v. Davis, supra* note 4.

Petitioner is not entitled to full credit for the time spent on parole. Section 21.1(a) of the Act provides on its face authority for such a recomputation of parole and has survived several constitutional challenges. *Kuykendall v. Pennsylvania Board of Probation & Parole,* 26 Pa. Commonwealth Ct. 234, 363 A.2d 866 (1976); *Choice v. Pennsylvania Board of Probation and Parole,* 24 Pa. Commonwealth Ct. 438, 357 A.2d 242 (1976).

We must, however, reject the contention of the Board that when a detainer has been lodged against a parolee who has been arrested on another charge, credit for such periods of confinement may, in the discretion of the Board, be applied to either the old sentence or any new sentence subsequently meted out following conviction on such charges. Accordingly, on this issue we must grant petitioner's motion for summary judgment.

In *Padgett v. Board of Probation and Parole,* 30 Pa. Commonwealth Ct. 221, 224, 373 A.2d 467, 468 (1977), this Court, in dicta, said:

> During the period in question, petitioner was incarcerated and subject to the Board's detainer. Prior to the lifting of the detainer, therefore, petitioner was in the Board's custody and the time so served could be credited only to his original sentence.

We decline the Board's invitation to reconsider this statement.

---

[4] By contrast, if the recommitment proceedings are grounded upon a technical parole violation, in which event there is no trial, the preliminary hearing is constitutionally required. *Commonwealth v. Davis,* 234 Pa. Superior Ct. 31, 336 A.2d 616 (1975). Petitioner had this hearing on February 19, 1976.

The Board relies upon Pa. R. Crim. P. 1406(b), which provides:

(b) A sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offense or offenses for which such sentence is imposed, which date shall be specified by the judge. Credit, to be calculated by the clerk of court, shall be given as provided by law for any days spent in custody by the defendant for such offense or offenses prior to the imposition of sentence.

However, once the Board, as an agency with statewide jurisdiction, lodges its detainer or causes a parolee to be arrested on its warrant, a parolee is in the custody of the Board and is no longer incarcerated "for the offense or offenses for which such sentence is imposed" as those words are used in Pa. R. Crim. P. 1406(b). *Cf. Commonwealth ex rel. Bleecher v. Rundle,* 207 Pa. Superior Ct. 443, 217 A.2d 772 (1966). The Board, not being compelled to lodge a detainer against a prisoner who will remain incarcerated in any event, must abide by the consequences of its election to do so.

We recognize that this holding puts us in direct conflict with the position adopted by the Superior Court in *Commonwealth v. Bigley,* 231 Pa. Superior Ct. 492, 331 A.2d 802 (1974), that Section 17 of the Act, 61 P.S. §331.17, placing exclusive discretionary power in the Board to recommit parole violators, extends this far. This section, as we read it, grants such discretion only with regard to the questions of whether or not to recommit, and for how long, prior to reparole, up to the legal maximum sentence. It does not grant to the Board authority to deny a prisoner credit for time incarcerated while in the Board's custody subject to its detainer or warrant.

250

ORDER

Now, July 22, 1977, it is hereby ordered as follows:

1. To the extent that petitioner, Richard A. Mitchell, challenges the constitutionality of his recommitment, summary judgment is hereby granted to respondent, Pennsylvania Board of Probation and Parole.

2. The Pennsylvania Board of Probation and Parole is hereby ordered to recompute the expiration date of that sentence meted out to petitioner on April 10, 1972, so as to give petitioner full and complete credit for that period of time from February 9, 1976 until August 17, 1976, and to apply said credit to no other sentence.