James Harold Davis, Petitioner *v.* Julius T. Cuyler, Superintendent at the State Correctional Institution, Graterford, Pennsylvania, and the Pennsylvania Board of Probation and Parole, Respondents.

Submitted on briefs to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*James H. Davis,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, November 16, 1978:

James Harold Davis (Petitioner) has filed a petition for review alleging that the Pennsylvania Board of Probation and Parole (Board) erroneously recomputed his sentences. The Board filed an answer with new matter and attached a certificate of the chairman of the Board setting forth the Petitioner's official record with the Board. The Petitioner filed a reply and a motion for summary judgment whereupon the Board filed a cross-motion for summary judgment. Pursuant to an order of this Court, the matter has been submitted upon the filing of briefs. It appearing that the pleadings are closed and that there is no dispute as to the essential facts, the case will be disposed of pursuant to the provisions of Pa.R.C.P. 1035.

From the pleadings it appears that the Petitioner received two sentences on January 26, 1974, each for a term of 9 to 59 months in the Berks County Prison. On October 30, 1974, he received another sentence of 9 to 59 months in the same county prison. Subsequently, he was paroled on both sentences, the date of the last parole being September 4, 1975. On May 20, 1976, he was arrested for new crimes in Berks County. On May 28, 1976, the Board filed a parole violation detainer against the Petitioner. The Petitioner was convicted

on November 12, 1976, with respect to the charges for which he had been arrested on May 20, 1976. After a revocation hearing, the Petitioner was recommitted as a convicted parole violator on November 12, 1976, "when available." On September 7, 1977, the Petitioner was sentenced on his new charges (upon which he had been convicted on November 12, 1976) to a term of not less than 2 nor more than 7 years in a state correctional institution. The trial judge ordered that the effective date of the sentence would be September 7, 1977, with the Petitioner to receive credit *on that sentence* of 475 days for time served.[1] On October 20, 1977, the Board reaffirmed the Petitioner's recommitment as a convicted parole violator "when available." Thereupon the Petitioner began his sentence in the State Correctional Institution at Graterford.

According to the certificate of the Chairman of the Board, the Petitioner's present status is that he is in a state correctional institution serving his 2 to 7 year term with an effective date of sentence of August 29, 1977, with the minimum term expiring August 29, 1979, and the maximum term expiring August 29, 1984. Although there is no allegation in any of the pleadings that the sentence imposed by the Berks County Court of Common Pleas on September 7, 1977, included a provision that the Petitioner should receive credit for 475 days on those sentences, both briefs assume that to be the fact and it is apparent that the crux of the petition now before us is how that credit should be applied. It is obvious that the Board applied the credit to the Petitioner's *original* sentence. It is the Petitioner's position that the Board's action in that respect violates the laws of the Commonwealth of Pennsylvania, the Rules of Criminal Procedure and the provisions of the

---

[1] The Petitioner was confined in the Berks County Prison from May 20, 1976, until September 7, 1977.

eighth amendment to the Constitution of the United States prohibiting cruel and unusual punishment.

The Board relies upon our decision in *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977)[2] when it applied the Petitioner's confinement time to the Petitioner's original sentences. In the *Mitchell* case the Board argued that under the provisions of Pa.R.Crim. P. 1406(b)[3] it had the discretion to apply the Petitioner's confinement time to his original sentence or to any new sentence in the circumstances where a parolee had been arrested on a new charge and the Board subsequently filed a detainer against the parolee. Our Court said:

> However, once the Board, as an agency with statewide jurisdiction, lodges its detainer or causes a parolee to be arrested on its warrant, a parolee is in the custody of the Board and is no longer incarcerated 'for the offense or offenses for which such sentence is imposed' as those words are used in Pa.R.Crim.P. 1406(b). Cf. Commonwealth ex rel. Bleecher v. Rundle, 207 Pa. Superior Ct. 443, 217 A.2d 772 (1966). The Board, not being compelled to lodge a detainer against a prisoner who will remain incarcerated in any event, must abide by the consequences of its election to do so.

*Id.* at 249, 375 A.2d at 905.

---

[2] Now on appeal to the Supreme Court of Pennsylvania (No. 614 January Term 1977).

[3] "A sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offense or offenses for which such sentence is imposed, which date shall be specified by the judge. Credit, to be calculated by the clerk of court, shall be given as provided by law for any days spent in custody by the defendant for such offense or offenses prior to the imposition of sentence." Pa.R.Crim.P. 1406(b).

It is now apparent that we must clarify what was intended by that language. First, it must be noted that the only issue in *Mitchell* was the Board's discretion. Specifically, our Court did not address itself to the question of what the situation would be where a trial court, as part of its judgment of sentence, directs that the defendant shall receive credit for time served on the new sentence. Second, although a footnote (No. 3) in the *Mitchell* case may indicate otherwise, an exhibit attached to the petitioner's brief in that case indicates that the petitioner had posted bail on the new charges one day after the Board lodged its detainer. Accordingly, the petitioner in *Mitchell* was eligible for release and would have been released *but for* the Board's detainer. To the extent that it is necessary for us to do so, we now modify our holding in *Mitchell* to mean that where the Board's detainer is the *sole reason* the prisoner is being confined, the Board must apply the time in confinement to the prisoner's original sentence or sentences.

Next, we reach the issue of what the result should be when a trial judge, bound by the provisions of Pa. R.Crim.P. 1406(b), directs in the judgment of sentence that the prisoner should receive credit on his new sentence for time spent in custody for the offenses for which he is being sentenced. Here, the over-riding question again is whether the prisoner spent his time in prison pursuant to his arrest on new charges or pursuant to the detainer lodged by the Board. The answer will depend upon whether the prisoner was eligible for and satisfied bail requirements for the new offenses. Assuming that the defendant's confinement is due solely to the new charges and that the Board has done nothing to assume jurisdiction over the prisoner other than to file a detainer which assures that the prisoner will be turned over to the Board "when available," we

hold that the terms of a judgment of sentence which conforms with Pa.R.Crim.P. 1406(b) must prevail in recomputing the prisoner's maximum sentence. Were we to hold otherwise the prisoner (as has happened in the case now before us) would serve a longer minimum and a longer maximum sentence than the trial judge intended. Whether or not such a result reaches constitutional dimensions we need not decide.

For the reasons stated, we must sustain the Petitioner's motion for summary judgment in this respect.

The Petitioner also objects to the fact that he was compelled to commence serving his new sentence rather than serving the balance of his original sentence as a convicted parole violator. Moreover, he avers that by virtue of this fact the Board has somehow waived its jurisdiction over him. We hold that the Board acted properly in following the mandatory provisions of Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401 *as amended,* 61 P.S. §331.21a(a), which provides that the service of a new sentence *shall* precede the commencement of service of the balance of the original sentence in circumstances where the parolee is paroled from a county penal or correctional institution on his original sentence and his new sentence is not to be served in the same county penal or correctional institution. Here, the Petitioner was originally paroled from a county institution and his new sentence is to be served in a state institution. Accordingly, the Board's position is correct with respect to that aspect of the case and, therefore, there has been no waiver of jurisdiction.

### Order

And Now, this 16th day of November, 1978, the motion for summary judgment filed by the Petitioner,

James Harold Davis, is sustained only as to that part thereof relating to the recomputation of his maximum sentence and it is ordered that the Pennsylvania Board of Probation and Parole recompute the Petitioner's maximum sentence in accordance with the foregoing opinion. In all other respects judgment is entered for the Board of Probation and Parole.