James A. Slayton, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, October 2, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Richard G. Fishman,* for petitioner.

*Robert A. Greevy,* Assistant Attorney General, and *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, December 5, 1978:

On May 1, 1978, James A. Slayton (Petitioner) filed a Petition for Review, challenging the March 17, 1978 order of the Pennsylvania Board of Probation and Parole (Board) recommitting him as a technical parole violator. The Board filed an answer with new matter to which Petitioner filed a reply with new matter. Petitioner then moved for summary judgment and the Board filed a cross-motion for summary judgment. These motions are presently before us.

The facts are as follows. On November 11, 1971, President Judge P. RICHARD THOMAS of Crawford County sentenced Petitioner to an indeterminate term, not to exceed six years, for the offense of burglary, with an effective date of July 23, 1971, and a maximum of July 23, 1977. Petitioner was paroled on October 31, 1972, but because he subsequently committed other crimes, including malicious mischief, disorderly conduct and possession and sale of marijuana, Judge THOMAS committed him to the Abraxas Center in Marienville, Pennsylvania, for an indeterminate period of time, not to exceed the maximum imposed on November 11, 1971. The Board had previously lodged a technical parole violation warrant against Petitioner but it continued him on parole, subject to the condition that he remain at the center until he had successfully completed the program.

Petitioner left the Center without authorization on August 23, 1975, and went to Texas. While there, he was arrested on September 12, 1975, upon a technical parole violation warrant issued by the Board, and incarcerated in the Tarrant County Jail, Fort Worth, Texas. Four days later, the Board advised the Texas authorities to release Petitioner and instruct him to return to its Erie District Office. Petitioner was then released, but failed to report as ordered, and on October 9, 1975, the Board declared him delinquent as of August 23, 1975.

Petitioner later returned to Pennsylvania to visit friends and was arrested on December 2, 1977, on charges of criminal mischief and technical parole violations, with a parole violation warrant being lodged against him on that date. Petitioner waived both a preliminary hearing scheduled for December 11, 1977, and a full board hearing, and on February 3, 1978, received a violation hearing. On March 17, 1978, the Board ordered Petitioner recommitted as a technical parole violator for violation of conditions No. 1, No. 2 and No. 5.[1]

The sole issue here is the timeliness of the February hearing. Petitioner argues that a parole revocation hearing must take place within a reasonable

---

[1] In footnote 1 of his brief, Petitioner refers to these conditions as follows:

1. Within 24 hours of release of the institution, you will make a report to Mr. Robert C. Morrison, Supervisor of the Board. After that, you will report regularly in person or in writing pursuant to his directions.

2. You will live at 123 Plough Street, Titusville, Pennsylvania, and will not change address without written permission.

. . . .

5. You will not travel outside of Pennsylvania or the community to which you have been paroled, as defined by your parole agent, without written permission.

time of arrest, and that here, the delay of almost two and one-half years between the time of his arrest in Texas and the time of the hearing in Pennsylvania violates his due process rights. He claims that the Board had a duty to act in 1975 and that by not conducting the hearing until 1978, it waived its right to revoke his parole. Petitioner relies on *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977), for the proposition that

> [O]nce the Board, as an agency with state-wide jurisdiction, lodges its detainer or causes a parolee to be arrested on its warrant, a parolee is in the custody of the Board. . . . The Board, not being compelled to lodge a detainer against a prisoner who will remain incarcerated in any event, must abide by the consequences of its election to do so.

*Id.* at 249, 375 A.2d 905.

The problem with this argument is that once petitioner was released in Texas and failed and refused to report to the Board, he was not incarcerated and was no longer in the custody of the Board. Surely the Board could not have conducted a revocation hearing in his absence. While it is true that the Board must act within a reasonable time, once the Petitioner absconded there was no action which the Board could have taken until the Petitioner was returned to its custody. Having ordered Petitioner to return, the Board could reasonably have expected him to do so. An individual who has directly disobeyed a Board order cannot then say that because the Board was unable to apprehend him for several years, during which time he was outside its jurisdiction, it lacks authority to punish him.

We hold that since the Board scheduled a preliminary hearing within 15 days of its lodging of the de-

70

tainer warrant, and since it held a revocation hearing within 120 days of its scheduling of the preliminary hearing,[2] it acted in timely fashion to revoke Petitioner's parole.[3]

Judge MACPHAIL dissents.

ORDER

AND Now, this 5th day of December, 1978, the motion of the Pennsylvania Board of Probation and Parole for summary judgment in the above-captioned case is hereby granted, and the motion of James Slayton for summary judgment is hereby denied.

[2] The fifteen day period and the 120 day period are set out in the Board's Rules for Arrest and Hearing for Parole Violators, 7 Pa. B. 487, *amending* 37 Pa. Code §71.2(3) and (10) respectively.

[3] Petitioner argues that because the Board's amended rules did not become effective until March 1, 1977, we should apply the old rules, which require that the revocation hearing be held within 30 days of the preliminary hearing. Given the continuing nature of Petitioner's violation, and the fact that he remained in violation of the conditions of his parole until his arrest in December of 1977, some nine months after the effective date of the amended rules, we hold that the amended rules apply.