Thomas Witman, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, February 11, 1980, to President Judge CRUMLISH, JR. and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, CRAIG, MACPHAIL and WILLIAMS, JR.

*Thomas Witman,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, March 11, 1980:

Thomas Witman has filed a petition for review in the nature of mandamus seeking an order requiring the Pennsylvania Board of Probation and Parole (Board) to recompute the term remaining to be served by him on a sentence of imprisonment. Both parties

have filed cross motions for summary judgment and the matter is before us on briefs.

Witman was convicted of theft in the Court of Common Pleas of Cumberland County and sentenced on January 4, 1977 to a term of from one to four years, effective September 18, 1976 at the State Correctional Institution at Camp Hill. He was released on parole on December 14, 1977. On July 23, 1978, while on parole, he was arrested in Dauphin County on a charge of burglary. On the same date the Board filed a parole violation warrant based on the new charges and for technical parole violations.

Witman did not post bail and remained in custody. He was convicted of the burglary charge and sentenced on October 5, 1978 to serve six to twenty-three months in the Dauphin County Prison.

On January 5, 1979, Witman satisfied the Dauphin County prison sentence. Agents of the Board took custody and he was transported to the State Correctional Institution at Camp Hill, to which he was reentered. His backtime was adjusted to reflect credit from July 23, 1978 (the date of his arrest) to January 5, 1979 (the date he became available to the Board) to be applied to the Dauphin County sentence and none to the original Cumberland County sentence. His backtime on the original sentence was computed to be two years, nine months and four days, extending the original term from January 5, 1979 to October 9, 1981.

While in prison awaiting trial on the Dauphin County charges, Witman got in touch with a bail bondsman who Witman says told him that because of the Board's detainer he would have to remain in prison until trial, even if he filed bond. Citing *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977), Witman argues that the detainer was the primary reason for his incarceration and, therefore, the time spent in

prison awaiting trial on the new sentence should be credited towards his original sentence backtime. We disagree.

We modified the point relied on in *Mitchell, supra,* in *Davis v. Cuyler,* 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978), where we wrote: "[w]e now modify our holding in *Mitchell* to mean that where the Board's detainer is the *sole reason* the prisoner is being confined, the Board must apply the time in confinement to the prisoner's original sentence or sentences." *Id.* at 492, 394 A.2d at 649. (Emphasis in original.) In *Carter v. Rapone,* 39 Pa. Commonwealth Ct. 160, 394 A.2d 1092 (1978), we held that where a parolee is arrested on new charges and fails to satisfy bail requirements, a Board detainer, not being the sole reason for confinement, cannot have the effect of requiring that the time spent awaiting trial be credited on the original sentence.

### ORDER

AND Now, this 11th day of March, 1980, the motion for summary judgment of the respondent, Pennsylvania Board of Probation and Parole, is granted and judgment entered in its favor and against the petitioner Thomas Witman.

President Judge BOWMAN did not participate in the decision in this case.