**[J-42-2017]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**


| | | |
|---|---|---|
| DEREK SMITH, | : | No. 82 MAP 2016 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court dated February |
| | : | 23, 2016 at No. 1007 CD 2015 Vacating |
| v. | : | the Order of the Pennsylvania Board of |
| | : | Probation and Parole dated May 21, |
| | : | 2015 at No. 7679-0 and Remanding. |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, | : | ARGUED:  May 10, 2017 |
| | : | |
| Appellant | : | |


## OPINION


**JUSTICE DOUGHERTY**                    **DECIDED:  October 18, 2017**

We consider whether the Commonwealth Court erred when it vacated the decision of the Pennsylvania Board of Probation and Parole (the Board) regarding the allocation of pre-sentence confinement credit to which appellee Derek Smith is entitled. We hold the Commonwealth Court erred, and we therefore remand for recalculation of appellee's maximum release date.

On November 4, 1998, appellee was found guilty of robbery[1] and sentenced to ten to twenty years' imprisonment; his minimum release date was December 31, 2010, and maximum release date was December 31, 2020.  He was released on parole on

---

[1] 18 Pa.C.S. §3701(a).

October 27, 2011. On January 27, 2013, while on parole, appellee was arrested in North Carolina for multiple jewelry store robberies; the record indicates appellee did not post bail and thus remained in custody. Board's Crim. Arrest & Disposition Rpt., 8/5/13, Certified Record (C.R.) at 14; Board's Ltr. to Appellee, 4/17/15, at 1, C.R. at 100 ("There is no indication that you posted bail from [your federal] charges and you do not claim that you posted bail."). The following day, the Board, which had received notice of the arrest, lodged a detainer against appellee. *See* 61 Pa.C.S. §6138(c)(1) (parolee under Board's jurisdiction who commits technical violation of parole may be detained pending hearing before Board). On April 23, 2013, federal authorities indicted appellee in North Carolina on charges arising from the jewelry store robberies.[2] On May 2, 2013, he was detained by federal authorities and subsequently, while still on the federal detainer, transferred to the Columbia County Prison in Pennsylvania. The Board issued a notice of charges, citing appellee's arrest for the federal crimes and his leaving the district without permission, and appellee waived his right to a parole revocation hearing and admitted only that he committed a technical violation by leaving the district without permission. On November 27, 2013, the Board recommitted appellee as a technical violator, imposed six months' imprisonment for the violation, and reparoled him immediately, subject to his federal detainer and pending the disposition of his outstanding federal charges.

Meanwhile, appellee agreed to the transfer of his federal case from the United

---

[2] Appellee was indicted in the United States District Court for the Eastern District of North Carolina under his alias, Rodger Kent Williams. The charges were: possession of a firearm by a convicted felon, 18 U.S.C. §922(g); use of a firearm during a crime of violence, 18 U.S.C. §924(c)(1)(A); and interference with commerce by threat, violence or robbery, 18 U.S.C. §1951.

States District Court for the Eastern District of North Carolina to the Middle District of Pennsylvania, and on December 10, 2013, he pleaded guilty to those federal charges. The federal court imposed an aggregate term of 246 months' imprisonment on June 3, 2014. On September 10, 2014, appellee was transferred to SCI Rockview to serve the remainder of his state sentence with the same maximum release date as when he was initially sentenced, December 31, 2020, before being transferred to the federal prison system.[3]

The Board issued a second notice of charges, and appellee again waived his right to a revocation of parole hearing, this time admitting he committed the new federal criminal offenses. On December 12, 2014, the Board: reversed the portion of its November 27, 2013 decision reparoling appellee (after imposing its six month sentence for the technical violation); recommitted him as a convicted parole violator; and ordered him to serve 48 months' back time consecutively to the previously-imposed six months' term for the technical violation.[4] The Board also calculated appellee's new maximum date as May 7, 2023, thus declining to credit his original state sentence with any time he was confined on the Board's detainer following his North Carolina arrest.

Appellee filed two *pro se* administrative appeals, arguing, *inter alia*, the Board

---

[3] Although the Board's November 27, 2013 notice imposed six months' imprisonment on appellee for a technical violation, it apparently did not include this six-month term in stating his maximum date was December 31, 2020. *See* Notice of Board Decision, 11/27/13, C.R. at 58.

[4] The Board erroneously calculated the sum of 6 months and 48 months to be 56 months, instead of 54 months. Notice of Board Decision, 12/12/14, C.R. at 88.

should have awarded him credit on his state sentence for all the time he was detained.[5] The Board denied relief, explaining it awarded 93 days' credit for the period he was held solely on its detainer (January 29 to May 2, 2013), but it did not award credit for the 397 days he was held on both its detainer and the federal detainer (May 2, 2013 to June 3, 2014), because that time must be applied to his federal sentence.[6] In doing so, the Board expressly relied on *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980).[7]

Appellee filed a counseled petition for administrative review, again arguing the Board improperly failed to credit him all the time to which he was entitled on his state sentence. The Board denied relief *via* letter decision, again maintaining it properly declined to apply credit toward his original state sentence pursuant to *Gaito*.

---

[5] Appellee did not, in this petition or either of his two subsequent petitions to the Board, suggest any particular number of days' credit to which he was purportedly entitled, nor the maximum release date he should have been granted.

[6] Neither the panel below nor the parties acknowledged the Board reparoled appellee on November 27, 2013, and thus, as of that date, he was detained only on the federal detainer. We calculate the actual time appellee was detained on both the Board and federal detainers as 209 days (May 2, 2013, when the federal authorities lodged its detainer, through November 27, 2013, when the Board reparoled appellee) rather than 397 days. We note this discrepancy does not affect our analysis or ultimate holding that the time appellee spent on both detainers must be credited to his federal sentence, as both terms — 209 and 397 days — are shorter than appellee's federal sentence of 246 months' imprisonment. *See Martin v. Pa. Bd. of Prob. & Parole,* 840 A.2d 299, 309 (Pa. 2003) (when offender is incarcerated both on Board detainer and for new charges and receives new sentence of imprisonment that is shorter than term of pre-sentence incarceration, credit shall apply to original sentence).

[7] As discussed in more detail *infra*, this Court held in *Gaito* that if a parolee is detained both on a detainer by the Pennsylvania Board of Probation and Parole and for new charges for which he did not satisfy bail requirements, the time spent in custody is to be credited to the sentence imposed for the new charges, but if the parolee met bail requirements for the new charges and was thus detained solely on the Board's detainer, time in custody is to be credited against the original sentence. *Gaito*, 412 A.2d at 571.

Appellee filed a timely petition for review with the Commonwealth Court, arguing the Board erred in not awarding him credit on his state sentence for all the time he was held on both the Board's detainer and the federal detainer. In support, appellee relied on *Baasit v. Pa. Bd. of Prob. & Parole*, 90 A.3d 74 (Pa. Cmwlth. 2014), for the proposition that, under the primary jurisdiction doctrine, if Pennsylvania is the sovereign that arrests a defendant first, the Board must apply pre-sentence confinement credit to his original state sentence. *See id.* at 83, *citing Newsuan v. Pa. Dept. of Corrections*, 853 A.2d 409, 412 (Pa. Cmwlth. 2004).[8] Appellee also argued the Prisons and Parole Code previously required a convicted parole violator to serve a new federal sentence before state parole back time, *see* 61 Pa.C.S. §6138(a)(5)(i)-(iii), *amended* by Act 2010-95 (S.B. 1161), P.L. 931, § 20, but current Section 6138(a)(5.1) reverses the order and requires the original state sentence be served first, before the federal sentence.[9] Appellee construed this more recent enactment as legislative intent to address "[t]he concern that other sovereigns have used Pennsylvania prisons and ... tax dollars to satisfy their sentences." Appellee's Cmwlth. Ct. Brief at 10-11. Appellee claimed the Board therefore erred in relying on *Gaito* for its application of the time he was incarcerated on both detainers to his federal sentence.

---

[8] In *Newsuan*, the Commonwealth Court noted that when a federal court and state court each have jurisdiction over a defendant, the doctrine of primary jurisdiction allows the tribunal which first obtained jurisdiction to hold him to the other's exclusion until its jurisdiction is exhausted, *e.g.* by bail release, dismissal of charges, parole release, or expiration of sentence. *Newsuan*, 853 A.2d at 411.

[9] Section 6138(a)(5.1) provides: "If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea …, the parolee shall serve the balance of the original term before serving the new term." 61 Pa.C.S. §6138(a)(5.1).

The Board denied it was required to award appellee credit on his state sentence for the time he was held on both detainers simply because Pennsylvania was the first to arrest him. It also averred *Baasit* incorrectly interpreted Section 6138(a)(5.1) as affecting allocation of pre-sentence credit, and claimed instead that provision merely changed the order of sentences for a convicted parole violator who received a new federal or out-of-state sentence. The Board asserted the Commonwealth Court itself recognized this principle in *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007).[10] The Board maintained *Gaito* remains controlling precedent and the lone exception to *Gaito* was set forth in *Martin*, which allowed credit to be applied to a parolee's original sentence only if it were not possible to award all credit toward his new sentence because the new sentence was shorter than the period of pre-sentence confinement. The Board contended appellee's case is distinguishable from *Martin*, and thus under *Gaito*, it properly denied the credit on appellee's state sentence because appellee was not detained solely on the Board's detainer but also on a federal detainer.

In a published opinion, a unanimous panel of the Commonwealth Court rejected the Board's arguments and vacated its order. *Smith v. Pa. Bd. of Prob. & Parole*, 133 A.3d 820 (Pa. Cmwlth. 2016). The panel extensively cited *Baasit*, including its statements that: *Gaito*'s bright line rule regarding how to allocate credit for time held on

---

[10] In *Armbruster*, the convicted parole violator was denied pre-sentence credit for time he was confined on both new criminal charges and a Board detainer for violation of parole. *Armbruster*, 919 A.2d at 350. On appeal from the Board's denial of credit toward the original sentence, the Commonwealth Court affirmed, holding *Martin* permitted credit for an original sentence only when the length of pre-sentence confinement exceeded the maximum term of a new sentence, such that if the credit were applied to the new sentence, the parolee would thus serve excess time. *Id.* at 355.

detainers no longer applied because *Martin* afforded the Board discretion to fashion equitable awards of credit; pre-sentence confinement credit should be applied in accordance with Section 6138(a)(5.1); and the doctrine of primary jurisdiction compelled that credit should be applied to appellee's original sentence. *Id.* at 823. The panel specifically rejected the Board's contention Section 6138(a)(5.1) does not affect how pre-sentence credit should be applied. *Id.* at 824. The panel thus vacated the Board's decision and remanded for it to apply the credit at issue toward appellee's original state sentence. *Id.* at 825.[11]

The Board filed a timely petition for allowance of appeal, and we granted review to determine whether the Commonwealth Court's decision conflicts with our decision in *Gaito*. *Smith v. Pa. Bd. of Prob. & Parole*, 143 A.3d 891 (Pa. 2016). The Board maintains "[a]lthough there are hundreds of Commonwealth Court decisions addressing various fact patterns," the "straightforward credit allocation rule" of *Gaito* remains the cornerstone for awarding credit, as the Commonwealth Court recognized in *Armbruster*. Board's Brief at 11, 13. The Board reiterates the only exception to the rule announced in *Gaito* is found in *Martin*, which effectively eliminated what was colloquially referred to as "dead time" — pre-sentence confinement that could not be credited to any sentence — by recognizing a convicted parole violator is entitled to credit on his original sentence

---

[11] The panel did not address *Armbruster*, on which the Board had relied. The panel below also did not acknowledge appellee had advanced an additional argument, that *Baasit* also held a "double credit problem" — in which a parolee who receives credit toward his original sentence seeks the same credit against his new sentence — would not arise where the new sentence is a federal one because federal statute 18 U.S.C. §3585(b) precludes credit for a federal sentence for any time already credited toward an original state sentence. *See Baasit*, 90 A.3d at 83, *citing* 18 U.S.C. §3585(b)(1) (defendant shall be given sentencing credit for any time spent in official detention prior to date sentence commences that has not been credited against another sentence).

if the period of presentence detention exceeds the maximum term of his new sentence; the Board notes that situation is not present here. The Board also asserts Section 6138(a)(5.1) does not govern how confinement credit should be applied, but instead simply dictates the order in which a convicted parole violator's original sentence and new sentence must be served. The Board reasons regardless of which sentence must be served first, presentence confinement credit has always been governed by *Gaito* and *Martin,* and those decisions directed its denial of credit toward appellee's original state sentence. Finally, the Board claims the primary jurisdiction doctrine does not apply, as that doctrine addresses jurisdictional disputes between sovereigns, and here, there was no such dispute because appellee was not detained by the Commonwealth until after he was sentenced on his new federal charges.

Appellee responds *Gaito* was undermined by *Martin*, and in any event, *Gaito* does not apply here. Appellee avers in the past, the Board "misused" *Gaito* in order to create "dead time" when a parolee's new charges did not result in incarceration. Appellee's Brief at 5-6. Appellee further asserts *Gaito* is "factually inapplicable," claiming that credit for pre-sentence confinement should properly be allocated to the sentence a parolee is statutorily required to serve first. *Id.* at 6. He maintains at the time *Gaito* was decided, a convicted parole violator was required to serve a new federal sentence before state parole back time, but the current Section 6138(a)(5.1) reversed this order and requires state parole back time to be served first. Appellee further alleges Section 6138(a)(5.1) was enacted as a part of legislative reforms to reduce the Pennsylvania prison population, and thus claims the "legislature intended it is not cost effective" to keep offenders in Pennsylvania longer than necessary. *Id.* at 12-13, *citing*

Stewart Greenleaf, *Prison Reform in the Pennsylvania Legislature*, 160 U.PA.L.REV. PENNUMBRA 179, 180 (2011) (Pennsylvania's inmate population has soared and could grow 24% over next five years). Appellee also notes the risk of "double crediting" is not present in this case, as any credit for a federal sentence is determined under strict federal statutory provisions that preclude credit toward a new federal sentence for any time credited toward an original state sentence. Appellee's Brief at 8, *citing Baasit*, 90 A.3d at 83 (*citing* 18 U.S.C. §3585(b)). Finally, appellee again relies on the statement in *Baasit* the doctrine of primary jurisdiction requires credit for pre-sentence confinement must be allocated to an original sentence, not a new sentence.

We note this appeal involves questions of law over which our scope of review is plenary and our standard of review is *de novo*. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 446, 473 (Pa. 2017). We further note the Commonwealth Court was charged with affirming the Board's adjudication, unless that adjudication violated appellee's constitutional rights, or was "not in accordance with law, or that the provisions of Subchapter A of Chapter 5 (relating to practice and procedure of Commonwealth agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence." *See* 2 Pa.C.S. §704. *See also Goods v. Pa. Bd. of Prob. & Parole*, 912 A.2d 226, 231 (Pa. 2006).

We review the precedential landscape relevant to this appeal, beginning with our 1980 decision in *Gaito*. Gaito, who was on parole, was arrested and detained for violations of the Uniform Firearms Act (VUFA charges), as well as a separate Board detainer for the parole violations arising out of the VUFA charges, for almost nine

months. *Gaito*, 412 A.2d at 569. Gaito was found guilty of the VUFA charges and received a new sentence of two to five years' imprisonment. *Id.* The Board recommitted him and credited the time he spent in custody between his VUFA arrest and his VUFA sentencing to his original sentence. *See id.* Gaito filed a petition for review in the Commonwealth Court, seeking to apply the credit against his VUFA sentence instead. *Id.* at 569, 571. The Commonwealth Court denied relief, relying on *Mitchell v. Pa. Bd. of Prob. & Parole*, 375 A.2d 902 (Pa. Cmwlth. 1977), which held that when a parolee was incarcerated for new charges and subject to a new Board detainer for a parole violation, credit for the confinement must be applied to the parolee's original sentence. *Gaito*, 412 A.2d at 571. By the time Gaito's appeal was before this Court, the Commonwealth Court had modified *Mitchell* in *Rodriques v. Pa. Bd. of Prob. & Parole*, 403 A.2d 184 (Pa. Cmwlth. 1979). We expressly adopted the rationale in *Rodriques* and held:

> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence. [6]
>
> _____
>
> [6] It is clear, of course, that if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence.

*Gaito*, 412 A.2d at 571 & n.6. Applying this new rationale, we remanded to the Commonwealth Court to determine, as it was not apparent from the existing record, whether Gaito had satisfied the bail requirements on the new charges. *Id.* at 571.

Twenty-three years later, in *Martin*, this Court considered *Gaito* and particularly

the proposed exception at footnote 6 in a case in which the length of pre-trial confinement exceeded the sentence imposed for the new crimes. *Martin*, 840 A.2d at 301; *see Gaito*, 412 A.2d at 571 n.6 ("[I]f a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence."). Martin — who had been paroled after serving part of his sentence for robbery — was arrested and charged with two counts of driving under the influence (DUI); on the same day, the Board lodged a detainer against him. *Martin*, 840 A.2d at 300. Martin was unable to post bail for the DUI charges and remained incarcerated for more than thirteen months before he was convicted of the DUI charges and sentenced to 48 hours' time served and one year of probation. *Id.* Subsequently, the Board revoked parole on his original sentence, and Martin requested credit on his original sentence for the excess time he served on the Board's detainer that could not be applied to his new 48-hour sentence. *Id.* at 301. The Board denied the request. *Id.* A divided Commonwealth Court panel affirmed, relying on Commonwealth Court cases that strictly applied *Gaito*, strictly interpreted footnote 6 of *Gaito*, and held credit could be applied toward an original sentence only if the parolee was not convicted of, or if no "sentence" was imposed on, the new charges. [12] *Id.*, *citing Berry v. Pa. Bd. of Prob. & Parole*, 756 A.2d 135, 138 (Pa. Cmwlth. 2000) (declining to extend *Gaito* exception to allow credit toward original sentence when parolee's new sentence was shorter than time he was incarcerated on detainer for parole violations).

On appeal, the *Martin* Court recognized 42 Pa.C.S. §9760 requires a court to

---

[12] Judge Smith-Ribner dissented, reasoning Martin should receive credit on his original sentence for the excess time spent in custody. *Martin*, 840 A.2d at 301.

give credit to sentencing for new charges,[13] but the General Assembly had not set forth criteria for applying credit with respect to a parolee who commits a crime while on parole. *Martin*, 840 A.2d at 303. Nevertheless, although the *Gaito* Court did not address or even cite Section 9760, the *Martin* Court stated *Gaito* essentially construed Section 9760 to mandate credit for all incarceration served before a defendant is sentenced. *Id.* at 304. The *Martin* Court then stated footnote 6 in *Gaito* "attempted to impart the principle that credit should be applied equitably" when there is no new period of **incarceration**, but *Gaito* employed the broader word "sentence," which was statutorily defined to include probation, a determination of guilt without further penalty, partial confinement, a fine, and intermediate punishment. *Id.* at 305, *citing* 42 Pa.C.S. §9721 (Sentencing Code definition of "sentence"). The *Martin* Court observed *Gaito*'s use of the word "sentence" thus inadvertently directed the Board and Commonwealth Court to apply footnote 6 "strictly, rather than equitably," such that credit was only given for an original sentence when a parolee was acquitted or the charges against him were *nolle prossed*. *Id.* at 305.[14] The *Martin* Court specifically stated:

> It is now the opinion of this Court that the Board should not have been divested of its ability to make a determination concerning credit for time served for pre-sentence detention in instances where confinement is a result of both the detainer for a parole violation and the failure to meet

---

[13] Section 9760 provides credit shall be given against a sentence for all time a defendant spent in custody as result of criminal charges. 42 Pa.C.S. §9760(1)-(4).

[14] *Citing McCoy v. Pa. Bd. of Prob. & Parole*, 793 A.2d 1004 (Pa. Cmwlth. 2002) (denial of credit toward original sentence for convicted parole violator who received new sentence of fine only); *Gallagher v. Pa. Bd. of Prob. & Parole*, 804 A.2d 729 (Pa. Cmwlth. 2002) (denial of credit toward original sentence for convicted parole violator who received new sentence of probation); *Smarr v. Pa. Bd. of Prob. & Parole*, 748 A.2d 799 (Pa. Cmwlth. 2000) (denial of credit toward original sentence for convicted parole violator who received new sentence of probation).

conditions of bail on the new offense. ... Unique combinations of circumstances will be presented in different cases that tip the balance for or against the particular allocation of credit. Decision making in this context is, thus, particularly suited to a discretionary framework with guidelines to ensure equitable treatment.

*Martin*, 840 A.2d at 308. The Court thus held,

[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence. We further hold that the indigency of a detainee in failing to satisfy the requirements for bail is not determinative as to whether the offender receives credit for time served.

*Id.* at 309 (footnote omitted).

The Commonwealth Court subsequently attempted to extend *Martin* in *Melhorn v. Pa. Bd. of Prob. & Parole*, 883 A.2d 1123 (Pa. Cmwlth. 2005), in which the parolee Melhorn's new sentence was longer than the time he was detained on both a Board detainer for violations of parole on his original sentence and on new charges, for which he did not meet bail requirements. *Melhorn*, 883 A.2d at 1129-30. Neither the sentencing court nor the Board gave Melhorn any credit **at all** for the time detained. *Id.* at 1126. On appeal, the Commonwealth Court considered *Martin*'s requirement that "where an offender is incarcerated on both a Board detainer and new criminal charges, **all time spent in confinement must be credited to either the new sentence or the original sentence**," and accordingly directed the Board to credit the detention time toward the parolee's original sentence. *Id.* at 1129 (emphasis in original), *citing Martin*, 840 A.2d at 309. This Court, however, reversed without discussion in a *per curiam* order citing *Gaito* and *McCray v. Pa. Dep't of Corrections*, 872 A.2d 1127 (Pa. 2005). [15]

---

[15] In *McCray*, this Court held a challenge to the denial of credit on a sentence for new criminal offenses must be presented to the sentencing court or in an appeal to the (continued…)

*Melhorn v. Pa. Bd. of Prob. & Parole*, 908 A.2d 266 (Pa. 2006).

In 2007, the Commonwealth Court decided *Armbruster*, in which the parolee Armbruster was detained on new charges for which he did not post bail, as well as a Board detainer arising out of the parole violations, for 250 days. *Armbruster*, 919 A.2d at 350. He was convicted of the new criminal charges and received a sentence of eight to 24 months' imprisonment, in which the sentencing court did not indicate he was to receive credit for the confinement. *Id.* Subsequently, the Board recommitted Armbruster, denying credit for the 250 days toward his original sentence. *Id.* at 352. On appeal to the Commonwealth Court, he argued he was entitled to the credit on his original sentence because no credit was given to his new sentence. *Id.* The Commonwealth Court panel reviewed *Gaito* and *Martin* and observed the Commonwealth Court has "applied the *Martin* rule whenever the parolee's new sentence was **less than** the time spent in custody awaiting trial on the new charges." *Id.* at 354 (emphasis in original). The panel then considered the facts and holding in *Melhorn* and concluded,

> *Martin* is limited to the allocation of excess pre-sentence confinement credit. In other words, where a parole violator is confined on both the Board's warrant and the new criminal charges and it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration **exceeds** the maximum term of the new sentence, the credit must be applied to the offender's original sentence.

(…continued)
Superior Court, and is not to be resolved by the Board. *McCray v. Pa. Dep't of Corr.,* 872 A.2d 1127*,* 1133 (Pa. 2005); *see also Martin*, 840 A.2d at 303 (emphasizing distinction between "sentence," which is imposed by trial court following conviction in new criminal prosecution and "back time," which is part of existing judicially-imposed sentence that Board directs parolee to complete following finding in civil administrative hearing he violated terms of parole).

*Armbruster*, 919 A.2d at 355 (emphasis in original).

Notably, when the above cases were decided, Section 6138(a)(5) of the Prisons & Parole Code was in effect, although none of the cases mentioned or referred to it. At that time, the sub-section provided:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>
> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>
> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. §6138(a)(5)(i)-(iii). Thus, pursuant to sub-section (5)(iii), when a convicted parole violator received a new federal sentence, he was to serve it first before commencing the back time on his original state sentence.

However, in 2010, the legislature added Section (a)(5.1), which requires a parolee to serve back time first, before a new federal sentence:

> (5.1) If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea …, the parolee shall serve the balance of the original term before serving the new term.

*See* 61 Pa.C.S. §6138(a)(5.1).[16] In this new statutory context, the Commonwealth

---

[16] The 2010 amendment also added the phrase "by a Pennsylvania court" to subsection (a)(5) as follows: "the service of the balance of the term originally imposed **by a Pennsylvania court** shall precede …." 61 Pa.C.S. §6138(a)(5), *amended by* Act 2010-95 (S.B. 1161), P.L. 931, §20, approved Oct. 27, 2010.

Court decided *Baasit*, on which the panel below relied. Baasit was on parole when he was detained both on a Board detainer arising out of parole violations and for new federal drug charges. *Baasit*, 90 A.3d at 75. He pleaded guilty to the federal charges and was sentenced to 48 months' federal custody, to be served consecutively to any sentence he was already serving. *Id.* The Board recommitted him and, citing *Gaito*, did not give credit toward his original sentence because he was not incarcerated solely on its detainer. *Id.* at 76. On appeal, the Commonwealth Court noted federal statute 18 U.S.C. §3585 provides a defendant shall be given credit for any time spent in detention prior to sentencing, so long as credit for the same period of confinement had not been given to any other sentence. The panel thus reasoned Baasit would be entitled to credit on his federal sentence for the time he spent in pre-sentence confinement, and furthermore, there was "no possibility" he would receive "double credit" for his pre-sentence confinement. *Baasit*, 90 A.3d at 80, 83. The panel also emphasized the statement in *Martin*, which it characterized as a departure from *Gaito*, that unique circumstances provide the Board discretion to grant credit "to ensure equitable treatment." *Id.* at 81-82. The panel then stated the Board failed to adequately address Section 6138(a)(5.1), which the panel determined required confinement credit be allocated to Baasit's original sentence. *Id.* at 83. Finally, the panel stated this conclusion was supported by the primary jurisdiction doctrine, which provides the sovereign which first arrested a defendant is afforded primary jurisdiction. *Id.*

In the case *sub judice*, the panel below, similar to the *Baasit* court, extracted the statement in *Martin* that the Board may allocate time spent in custody on both a Board detainer and detainer for new charges "to ensure equitable credit" without also

acknowledging *Martin's* extensive explanation that a strict application of *Gaito* to the parolee in that case — whose new sentence was longer than his pre-sentence confinement — would unfairly result in excess imprisonment. *See Martin*, 840 A.2d at 308-09. While *Martin* broadly interpreted the word "sentence" in footnote 6 of *Gaito*, neither *Martin* nor any other decision by this Court, contrary to the panel's claim, imparted any indication *Gaito's* general rule was to be relaxed or overruled. *See id.* at 305. Indeed, in our *per curiam* order in *Melhorn*, we expressly relied on *Gaito* to reverse the Commonwealth Court's attempt to extend *Martin* where the parolee's pre-sentence confinement was shorter than his new term of imprisonment. *Melhorn*, 908 A.2d 266. Although the Commonwealth Court discussed and applied these principles in *Armbruster*, the panel below overlooked that case. Additionally, although the panel below also emphasized *Martin*'s recognition that "[u]nique combinations of circumstances will be presented in different cases that tip the balance for or against the particular allocation of credit," the panel did not aver any such unique circumstances exist in this case that warrant treatment different from that directed in *Gaito*. *See Smith*, 133 A.3d at 823 at n.6, *quoting Baasit*, 90 A.3d at 81-82 (quoting *Martin*, 840 A.2d at 308). Notwithstanding the panel's alternate reading, *Gaito* remains the general law in this Commonwealth respecting how credit should be allocated for a convicted parole violator who receives a new sentence of incarceration, and the exception to *Gaito*, set forth at footnote 6 and further developed in *Martin*, is limited to cases in which a convicted parole violator receives a term of incarceration for new charges that is shorter than his pre-sentence confinement, such that application of the general *Gaito* rule would result in excess incarceration.

We also reject the panel's interpretation of Section 6138(a)(5.1) as requiring credit to be applied to a convicted parole violator's original sentence. As stated above, Section 6138(a)(5.1) provides, "If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea … the parolee shall serve the balance of the original term before serving the new term." 61 Pa.C.S. §6138(a)(5.1). The plain language of this sub-section provides only that a convicted parole violator shall serve the balance of his original state sentence before serving a new sentence imposed by a federal court or court of other jurisdiction. The Board correctly points out the predecessor provision, Section 6138(a)(5) — which remains in effect for cases in which the new sentence is also a Commonwealth sentence — was not applied in *Gaito* or any of its progeny as pertinent to the question of how credit should be applied. In fact, the panel's interpretation of Section 6138(a)(5.1) supplies additional language that is simply not present in the provision, and interprets it as dictating how credit for detention should be allocated when a parolee receives multiple sentences. [17] This was error. *See, e.g.*, *Commonwealth v. Gehris*, 54 A.3d 862, 864-65 (Pa. 2012) ("[I]t is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include."); *Commonwealth v. Shiffler*, 879 A.2d 185, 189 (Pa. 2005) (best indication of legislative intent is plain language of statute). Accordingly, we agree with the Board that

---

[17] Section 6138 includes two references to credit: Section 6138(a)(2), which provides a parolee recommitted by the Board shall not be given credit for the **time spent at liberty on parole**; and Section 6138(a)(2.1), which states the Board may, in its discretion, award credit for **time spent at liberty on parole**, barring express circumstances. 61 Pa.C.S. §6138(a)(2), (2.1). Neither of these provisions pertains to credit for incarceration on a Board detainer.

the *Baasit* court improperly interpreted Section 6138(a)(5.1), and hold *Gaito* and *Martin* remain the rule in this Commonwealth for how credit is applied.[18] In other words, the Board may require a convicted parole violator to serve his original sentence first while at the same time denying allocation of credit to that sentence and still be in compliance with both Section 6138(a)(5.1) and *Gaito*.

Finally, we disagree with the panel that the primary jurisdiction doctrine requires confinement credit be allocated to the sentence of the jurisdiction which first arrests a defendant. The panel again relied on *Baasit* for this conclusion. In *Baasit*, the Commonwealth Court adopted the parolee's argument that "under the doctrine of primary jurisdiction, pre-sentence confinement credit must be applied to state parole back time rather than the new federal sentence because the state parole detainer pre-dated the federal charges," without providing any supporting explanation. *Baasit*, 90 A.3d at 77-78. The court's full discussion of the primary jurisdiction doctrine spanned two sentences:

> Our conclusion that credit here should be awarded according to new [61 Pa.C.S. §6138(a)(5.1) is also supported by the primary jurisdiction doctrine. Under that doctrine the sovereign which first arrests a defendant

---

[18] We recognize the force of Chief Justice Saylor's position this Court should reconsider the appropriateness of *per se* rules as justice requires, *see* Dissenting Opinion, Saylor, C.J., *slip op.* at 2, *citing Commonwealth v. Henderson*, 47 A.3d 797, 803 (Pa. 2012). However, appellee has not presented any argument, either below or before this Court, that he or any other defendant similarly situated would suffer any particular injustice if sentencing credit were applied to a federal sentence rather than an original state sentence. Instead, appellee advances a fiscal policy argument — one that he arguably does not have standing to raise in the first instance — based on the escalating financial burden on the Commonwealth due to rising state prison populations. Of course we are not unaware of these very real concerns, but we are equally cognizant that the General Assembly is in the superior position to consider these ramifications of the present legislative context.

is afforded primary jurisdiction. *See Newsuan*[,853 A.2d at 411.] Our conclusion is also consistent with the Supreme Court's more flexible approach to credit, as set forth in *Martin*.

*Baasit*, 90 A.3d at 83. In citing *Newsuan* for the general provisions of the primary jurisdiction doctrine, however, the *Baasit* panel overlooked *Newsuan*'s discussion of when the primary jurisdiction doctrine is properly invoked:

> The doctrine of primary jurisdiction is a means for resolving **jurisdictional** disputes between the sovereigns. ... Thus, when a federal court and state court each have jurisdiction of a defendant, the doctrine of primary jurisdiction allows the tribunal which first obtained jurisdiction to hold it to the exclusion of the other until the first tribunal's jurisdiction is exhausted.

> When a state has primary jurisdiction ... primary jurisdiction over a defendant ends and federal custody over him commences only when the state authorities relinquish him on satisfaction or extinguishment of the state obligation. The federal sentence does not commence until the defendant is received into custody at the official detention facility at which the sentence is to be served. 18 U.S.C. § 3585(a); *U.S. v. Pungitore*, 910 F.2d 1084, 1118-19 (3d Cir. 1990), *cert. denied*, 500 U.S. 915 … (1991) ("a federal sentence does not begin to run until the defendant is delivered to the place where the sentence is to be served").

> The doctrine of primary jurisdiction can be problematic when the defendant receives a state sentence that is to be served concurrently with an existing federal sentence.

*Newsuan*, 853 A.2d at 411 (emphasis added) (some citations omitted).

The doctrine of primary jurisdiction simply relates to the question of which sovereign exercises jurisdiction first over a defendant; it does not govern how credit should be allocated when two or more sovereigns impose sentences. *See id.* The concern in *Newsuan* is not implicated here. Appellee was not ordered to serve his original and federal sentences concurrently, and there was no dispute as to when the federal authorities would release appellee to serve his state sentence — the panel specifically noted appellee was transferred to SCI Rockview on September 10, 2014, to

commence his back time on the original state sentence before being returned to federal authorities to serve his new federal sentence. *Smith*, 133 A.3d at 821. Therefore, the panel erred in invoking the primary jurisdiction doctrine to apply the sentencing credit to appellee's original sentence.[19]

Here, appellee was detained on both the Board's and federal detainers — where he did not satisfy bail for the federal charges — for 209 days, and then received a new federal sentence of 246 months, or approximately 7,480 days. The federal sentence obviously is longer, and thus the general holding of *Gaito* applies to this case, not the exception that was set forth at footnote 6 and expanded in *Martin*. Accordingly, we hold the panel erred in extending *Martin* to hold the Board had discretion to apply credit for the detention to appellee's original sentence, and the panel's decision in this regard contravened *Gaito*. We further hold the Board properly denied credit under *Gaito*, and thus reverse the decision of the Commonwealth Court and remand for a correct

---

[19] As it is clear *Baasit* improperly interpreted *Martin*, Section 6138(a)(5.1), and the primary jurisdiction doctrine as eroding or eliminating the rule in *Gaito*, we now expressly disapprove of *Baasit*.

We also reject appellee's "double credit" argument — that if he were to receive credit for the confinement period toward his original state sentence, there would be no risk he would receive the same credit for his federal sentence because 18 U.S.C. §3585(b) would not allow such "double credit." Although it is true the federal statute does not generally allow credit for federal pre-sentence confinement when the same time confinement has already been credited toward another sentence, *see* 18 USCS § 3585(b)(1)-(2) (defendant shall be given credit, toward term of imprisonment for any time he spent in official detention prior to date sentence commences, that has not been credited against another sentence), this circumstance does not warrant a different result here. The fact that appellee would be denied federal credit if he now received credit for his original state sentence is not in itself a persuasive basis for granting state credit.

calculation of appellee's maximum release date.[20]

Order reversed. Case remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

Justices Baer, Donohue, Wecht and Mundy join the opinion.

Chief Justice Saylor files a dissenting opinion.

Justice Todd files a dissenting opinion.

---

[20] *See also* n.4, n.6, *supra*.